## COMMONWEALTH *vs.* ELM FARM MILK COMPANY.

Suffolk.    March 15, 1915. — May 19, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

### *Milk.*

The provision of R. L. c. 56, § 55, which prohibits having in possession with intent to sell milk to which water has been added, is violated by having in possession with such intent cream, separated from the milk by a centrifugal process, to which water has been added. Following *Commonwealth* v. *Gordon,* 159 Mass. 8.

COMPLAINT entered on February 2, 1914, in the Superior Court, on appeal from a sentence imposed by the Municipal Court of the Roxbury District of the City of Boston, charging that the defendant on December 13, 1913, at Boston did have in its possession milk to which water had been added with intent unlawfully to sell the said milk within this Commonwealth in violation of R. L. c. 56, § 55.

The defendant was tried before *Aiken,* C. J., upon an agreed statement of facts, the essential part of which is stated in the opinion. The defendant asked the Chief Justice to order a verdict of not guilty. He refused to do so, and the jury returned a verdict of guilty. The defendant alleged exceptions.

*J. F. Cusick,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant is charged with violating R. L. c. 56, § 55, which prohibits the keeping, with intent to sell, of milk to which water has been added. A quantity of cream was found in the possession of the defendant which it intended to sell, to which water had been added. This cream was known as heavy cream and contained a greater percentage of milk fat than is required by St. 1907, c. 216, which provides that all cream offered for sale must contain fifteen per cent of milk fat.

The agreed statement of facts shows that heavy cream contains from thirty to forty per cent of milk fat; that cream is a specific

article of commerce, is separated and manufactured from milk by a centrifugal process and is generally known and dealt with in the trade as cream; and the defendant argues that the milk statute (R. L. c. 56, § 55) is not infringed by the addition of water to cream, because cream and milk are different substances.

Generically, milk and cream are the same thing, and under the statute seeking to prevent the adulteration of milk by the addition of water or any foreign substance, cream is considered to be the same thing as milk. The fact that cream is known as a specific article of commerce and is manufactured as stated in the bill of exceptions, does not make the cream so designated and manufactured under the statute any different from the cream which is separated by some natural process. Neither the trade name nor the method of separating changes the essential nature of the substance.

The statute was passed for a purpose. It was to protect the public health. The adulteration may be equally serious, whether it is in the whole milk or in any of its component parts, such as cream or skim milk, and the protection of the consumer is as much desired in the sale of the component parts of milk as in the sale of milk itself. Under Pub. Sts. c. 57, § 5, a statute similar to the one we are considering, it was decided that the word "milk" as used in that statute was broad enough ·to include cream. *Commonwealth* v. *Gordon,* 159 Mass. 8.

The defendant relies on *Commonwealth* v. *Boston White Cross Milk Co.* 209 Mass. 30. That case decides that where milk is separated into cream and skim milk and each part is separately treated under a patented process wherein certain chemical changes are involved whereby the milk loses its identity as such and a new and unique product known as "concentrated milk" results, the statute forbidding the addition of water to milk is not violated by the addition of water to this compound because it is not milk, but a different substance. When milk is so completely changed in its essential parts, and a new article of commerce is produced which is so substantially different that it is no longer milk, but is something else, differing from milk in name and nature, like butter, cheese, condensed or concentrated milk, then the statute has no application. But in the case at bar, where cream is separated from the milk, whether the separation is by a natural

process or by some process of manufacture, the statute controls, and the case of *Commonwealth* v. *Gordon, supra,* is not overruled by *Commonwealth* v. *Boston White Cross Milk Co., supra.*

*Exceptions overruled.*