In re Peters—65 Ind. App. 174.

## IN RE PETERS.

[No. 9,950. Filed June 28, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency of Father on Minor Son.*—*Question of Fact.*—As §38 of the Workmen's Compensation Act, Acts 1915 p. 392, does not include the father of a minor son in any of the classes in which dependency is conclusively presumed, the question of his dependency on the earnings of the son, and the degree thereof, must be determined in accordance with the existing fact at the time of the injury.  p. 177.

2. MASTER AND SERVANT.—*Workmen's Compensation Acts.*—*Dependency of Parent.*—Want or distress need not exist before a condition of dependency arises, and a parent or his family need not reduce their expense of living below a reasonable standard in order to escape dependency and thereby absolve an employer from the payment of compensation for which he would otherwise be liable.  p. 177.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependent Parent.*—The word "dependent," as used in the Workmen's Compensation Act, Acts 1915 p. 392, should be given a meaning broad enough to include the reasonable needs of a parent in the proper support of himself and dependent family.  p. 178.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency of Father.*—*Evidence.*—Where weekly contributions from his wages made by a minor son to his father, who earned $15 weekly, were used and required for the support of the family, consisting of the father, mother, and three minor children, and the father owned no property and had no income with which to maintain the family except his own wages and the contributions of the son, such facts are sufficient to warrant the Industrial Board in drawing the inference that the father was dependent on the son within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392.  p. 178.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Partial Dependency of Parent.*— Where a father, earning $15

weekly, supported his family from a fund composed of his wages and those of a minor son, who earned $12.75 a week, the father was only partially dependent on the son within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392. p. 179.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependent Parent.—Amount of Compensation.—Cost of Maintenance of Contributing Child.*—Where a father supported his entire family out of a fund composed of the earnings of himself and a minor son, so that the father was a partial dependent, the cost of the maintenance of the contributing son should not be considered in determining the amount of compensation to which the dependent father is entitled under the Workmen's Compensation Act, Acts 1915 p. 392, for the son's death. p. 179.

7. MASTER AND SERVANT.—*Workmen's Compensation Act.—Partially Dependent Parent.—Amount of Compensation.*—Under §37 of the Workmen's Compensation Act, Acts 1915 p. 392, providing that the compensation of a partial dependent shall be in the same proportion to the weekly compensation for persons wholly dependent as the amount contributed by the deceased employe to such partial dependent bears to his annual earnings at the time of his injury, where a father, partially dependent on a minor son, received all his son's earnings, there is no difference between the amounts of compensation that a total dependent and a partial dependent are entitled to receive under the act. p. 181.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Peters. Questions of law certified by the Industrial Board. *Questions answered.*

BATMAN, J.—Under the provisions of §61 of the Workmen's Compensation Act (Acts 1915 p. 392), the Industrial Board has certified to this court certain questions of law based upon the facts presented by a proceeding pending before that body, seeking the opinion of this court for guidance in determining such proceeding.

The statement of facts as submitted by the board is as follows: "A, a boy of 17 years of age, was in the

employment of B on and prior to the 16th day of February, 1916, at an average weekly wage of $12.75; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in his instant death; that the employer had actual personal knowledge of the injury and death at the time of the occurrence; that the employe left surviving him a father, 41 years of age, a mother, 40 years of age, a brother, 15 years of age, and a brother, 8 years of age; that the deceased, the father, the mother, and the two brothers were living together as a family at the time of his injury and death; that the father was working and receiving a weekly wage of $15.00; that the father owned no property and had no income with which to support the family except his own wages and the wages of the deceased; that the deceased had been working for two years prior to his death and during all of said time had turned his wages over to his father weekly; that the wages of the deceased and the wages of the father went into a family fund which were used for and were required for the support of the family; that out of said family fund the father supported the whole family, providing a home, clothes and food for the deceased at a probable weekly cost of four dollars."

The father makes claim for compensation and claims that he is entitled to full compensation, or fifty-five per cent. of $12.75 for 300 weeks. First, the employer denies absolutely the dependency of the father; and second, that, if he is dependent, he is not entitled to full compensation.

Upon the foregoing facts the board submits the following questions: 1. Is the father of the deceased a dependent of the deceased son within the meaning of the Indiana Workmen's Compensation Act? 2. If the father be a dependent, is he entitled to full compensation, viz., fifty-five per cent. of $12.75 for 300 weeks?

The questions presented for our determination in this case involve the dependency of a father on the earnings of a minor son for the support of himself and

1. his family, consisting of his wife and two minor children. The Workmen's Compensation Act now in force in this state makes certain provisions for dependents, but does not undertake to define dependency. Section 38 of the act, *supra*, specifies who shall be conclusively presumed to be wholly dependent for support upon a deceased employe, and then provides that: "In all other cases, questions of dependency, in whole or in part, shall be determined in accordance with the fact as the fact may be at the time of the injury." It will be found that the father of a minor son is not included in any of the classes in which dependency is conclusively presumed by the terms of the act. Therefore, the fact of his dependency on the earnings of the son and the degree thereof must be determined in accordance with the existing fact at the time of the injury.

The meaning of the word "dependent," when used in compensation and liability acts, has been frequently considered by various courts. The definitions

2. given and applications made have not always been uniform, and hence authorities may be found to support various ascribed meanings. However, it has been uniformly held that want or distress need not exist before it can be said that the condition of dependency arises, and that a parent or his family need not reduce their expense of living below a reasonable standard in order to escape dependency and thereby absolve an employer from the payment of compensation who would otherwise be liable for the payment thereof. *Dazy* v. *Apponaug Co.* (1914), 36 R. I. 81, 89 Atl. 160; *Matter of Rhyner* v. *Huber Bldg.*

*Co.* (1916), 171 App. Div. 56, 156 N. Y. Supp. 903; 1 Honnold, Workmen's Compensation §70; 2 Bradbury, Workmen's Compensation 315.

In harmony with the foregoing statement, and the authorities cited in support thereof, this court has recently said, in the case of *In re Carroll* (1917), *ante* 146, 116 N. E. 844: "To confine the inquiry to the question whether the family of the deceased workman could have supported life without any contributions from him, or whether such contributions were absolutely necessary in order that the family might be reasonably maintained, is not a fair test of dependency; but rather the inquiry should include the question whether contributions from the workman were looked to, depended and relied on, in whole or in part, by the family for means of reasonable support. *Howells* v. *Vivian & Sons* (1902), 85 L. T. 529; *Powers* v. *Hotel Bond Co.* (1915), 89 Conn. 143, 93 Atl. 245." Following the rule thus stated, it is clear that the

3. word "dependent" as used in the Indiana Workmen's Compensation Act should be given a meaning broad enough to include the reasonable needs of a parent in the proper support of himself and his dependent family. Such construction is in accord with the decisions in many well-considered cases in other jurisdictions where compensation laws are in force with similar provisions.

Whether an applicant in any given case is entitled to compensation as a dependent will necessarily be determined from conditions and circumstances disclosed by the evidence. In the facts submitted

4. it is stated that the weekly contributions made by the minor son to his father from his wages were used and required for the support of his family. This fact, taken in connection with other facts stated, would warrant the Industrial Board in drawing the infer-

ence that such father was dependent on his deceased minor son within the meaning of the Indiana Workmen's Compensation Act.

The remaining question of law submitted relates to the amount of compensation to which the father is entitled by reason of the death of his minor son under the facts stated. The act in question, by §§37 and 38, recognizes two classes of dependents, viz., those wholly dependent, and those partially dependent. Inasmuch as the facts submitted show that the father was working and receiving a weekly wage, at the time of the injury and death of his son, of $15, which went into a family fund and was used for the support of his family, we conclude that such father was only partially dependent on the contributions made by the deceased son from his earnings. Section 37 of the act, *supra*, provides that the compensation to be received by such partial dependent shall "be in the same proportion to the weekly compensation for persons wholly dependent as the amount contributed by the deceased employe to such partial dependent bears to his annual earnings at the time of the injury." The statement of facts shows that out of the family fund, composed of the earnings of both father and son, the father supported the whole family, providing a home, clothes and food for the deceased son, at a probable weekly cost of four dollars. The question then arises, Shall the cost of the maintenance of such deceased son be deducted from the earnings, contributed by him to his father for the support of his dependent family, in determining the amount of compensation to which such father is entitled as a partial dependent? A consideration of the purpose of the act and the authorities in other jurisdictions has led us to the conclusion that such deduction should not be made.

It is contended that a proper inquiry to be made,

where a parent makes application for compensation by reason of being deprived of contributions from the earnings of a minor son, is whether such son was a financial asset to such parent; that the mere fact that the son's earnings entered into the common family fund is not material, unless those earnings exceeded the cost of his maintenance. This contention finds support in certain cases under the English Workmen's Compensation Act, where it is provided that the compensation shall be "proportionate to the injury to the said dependents," but it has not met with approval in this country under acts similar to the one by which we are governed. This identical question was involved in the case of *Mahoney* v. *Gamble-Desmond Co.* (1916), 90 Conn. 255, 258, 96 Atl. 1025, 1026, L. R. A. 1916E 110, decided by the Supreme Court of Connecticut, in which the court said: "We are not, therefore, required in this case to strike a balance between the boy's earnings and the cost of his maintenance, with a view to ascertaining whether his death was a financial injury to the father. We are only to determine whether, at the time of the injury, the father was dependent upon the boy's earnings within the meaning of the Act. As to this we think there can be no doubt. It was the father's duty to support the boy, and it was his right to receive the boy's wages. The boy did not, as the respondent argues, give to his father his pay envelope in exchange for maintenance. Nor did the father maintain the boy in exchange for his wages. The boy's wages belonged to the father. Whatever earnings the boy turned over to his father were used by the father in discharging his legal obligation to support his family; and as the father had no other income at the time of the injury, he was plainly dependent on the boy's earnings for his means of living." The cases of *Gove's Case* (1916), 223 Mass. 187, 111 N. E. 702, and

*Murphy's Case* (1914), 218 Mass. 278, 105 N. E. 635, are to the same effect. It might be contended that it would be unjust to allow compensation to a dependent father, based on the earnings contributed by a minor son, where the father supports such son, without deducting the cost of such support. But in view of the fact that the act in question does not purport to provide a method of determining the actual loss sustained by such father, and to require full compensation for such loss, but only assumes to fix an arbitrary amount that shall be paid the father as compensation, based on the son's annual earnings and contributions therefrom to such dependent father, it is manifest that there is no basis for such contention. There is no provision in the act for any such deduction, and no language from which such requirement can be inferred. Hence we conclude, both on reason and authority, that the cost of the maintenance of a contributing minor son should not be considered in determining the amount of compensation to which a dependent father is entitled.

The only remaining question is as to the amount of compensation to which such father is entitled under the facts stated. Having determined that the facts stated would justify the Industrial Board in concluding that such father is a partial dependent, and that a deduction of the cost of the son's support is not authorized, we need only apply the rule laid down in §37 of the act, *supra,* to determine the amount of the compensation. Under this rule such father should receive, for a period of 300 weeks, that proportion of what he would have received, had he been wholly dependent, as what he actually received from his deceased son bears to his son's annual earnings at the time of his death. As the father was receiving all his deceased son's earnings at the time of his death, or 100 per cent. thereof, it follows that he will be

entitled to receive 100 per cent. of what he would have received, had he been wholly dependent. In other words, there is no difference in the amounts that a total dependent and a partial dependent are entitled to receive under such section, where such partial dependent receives all the earnings of such injured employe. In this case the average weekly wage of the son at the time of his death was $12.75, all of which he was contributing to his partially dependent father for the support of himself and his dependent family. It therefore follows that such father will be entitled to a weekly compensation of fifty-five per cent. of $12.75 or $7.01¼ for 300 weeks, the same as he would have been entitled to receive had he been wholly dependent. This conclusion not only follows from a reading of the statute, but is fully supported by the decision of the Supreme Judicial Court of Massachusetts under an act with substantially the same language in that regard. *In re Murphy's Case, supra.*

NOTE.—Reported in 116 N. E. 850. See note *ante* 158.