## BLOOMINGTON-BEDFORD STONE COMPANY *v.* PHILLIPS.

[No. 9,909. Filed June 29, 1917.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings by Industrial Board.—Conclusiveness.*—The determination by the Industrial Board of questions of fact is conclusive on appeal, if there is any evidence to support the findings of the board. p. 192.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Partial Dependency of Parent.—Determination.*—A divorced mother maintaining herself, her minor son and three other dependent minor children from a common fund composed of the earnings of the son and her own income, does not come within the class where dependency upon a deceased employe is conclusively presumed under §38 of the Workmen's Compensation Act, Acts 1915 p. 392, and her dependency must be determined in accordance with the facts at the time of the injury. p. 193.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Dependency.—Determination.*—The fact that a claimant for compensation could have supported life without contributions from a deceased employe, or that such contributions were absolutely necessary to the reasonable support of the claimant is not controlling in determining the question of dependency within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, but the inquiry should be directed to ascertaining whether contributions from deceased had been looked to, depended and relied on, in whole or in part, by the claimant for means of reasonable support. p. 193.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Total Dependency.*—"Total dependency" upon a deceased employe, within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, exists where the dependent subsists entirely on the earnings of decedent, but claimants are not deprived of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, occasional financial assistance received from other sources, or other minor considerations or benefits. p. 194.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Partial Dependency.*—Where a divorced mother maintained herself, her minor son, and three dependent minor children from a common fund composed of the wages of the son and her own income, the husband having been ordered, as part of the judgment in the divorce case, to pay the wife $12 per month, but had paid only $18 in a period of seven months, the mother was partially dependent on the minor son within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392. p. 194.

6. MASTER AND SERVANT.—*Workmen's Compensation Act.—Partial Dependent.—Measure of Compensation.*—Under §37 of the Workmen's Compensation Act, Acts 1915 p. 392, prescribing the amount of compensation to one partially dependent upon a deceased employe, where a mother is a partial dependent on a minor child and receives all his wages, she is entitled to the same compensation as if she had been totally dependent. p. 194.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Dora Phillips against the Bloomington-Bedford Stone Company. From an award for applicant, the defendant appeals. *Affirmed.*

*Jess B. Fields,* for appellant.

*Thomas J. Sare,* for appellee.

FELT, J.—The appellee presented to the Industrial Board of Indiana her application for the allowance against appellant of her claim as a dependent of her deceased son, Claude Phillips. On the hearing before one member of the board appellee was allowed $5.77 for 300 weeks and $100 burial expenses. On review by the full board, after reviewing the evidence and hearing the argument of counsel, the board found the facts to be: "That on the 9th day of August, 1916, one Claude Phillips was in the employment of the defendant at an average weekly wage of $12.00; that on said date he received a personal injury by an accident arising out of and in the course of his employment, resulting in his death on said date; that the defendant had knowledge of the accident and injury resulting in the death of said Claude Phillips at the time of the occurrence; that the said Claude Phillips was seventeen years of age at the time of his death and was living with the plaintiff, his mother, who was at said time a widow; that on March 18, 1916, by a judgment of the circuit court of Monroe county, Indiana, the plaintiff was granted a divorce from her husband by which she was given the custody of said Claude Phillips, and three other minor children then of the ages of fifteen, twelve and eight years respectively; that said judgment in said respect was in full force and effect on the 9th day of August, 1916; that the said Claude Phillips turned over and delivered to the plaintiff all of his earnings, which were placed into a common fund with the earnings and income of his mother; that the earnings and income of the mother and the earnings and income from the labor of the said Claude Phillips were all used by his mother and were required and were necessary for her to support herself and the said Claude Phillips and three other minor dependent children of the ages of fifteen, twelve and eight years; that the

child twelve years of age was at the said time a help-less cripple; that from the common fund made up of the wages of the said Claude Phillips and the earnings and the income of the plaintiff, the plaintiff furnished to the said Claude Phillips his home and board and money with which to purchase his clothing and other neces-sary incidentals and occasional sums for spending money, suitable to his station in life; that, as a part of the judgment, in the divorce case of the plaintiff against her husband, rendered on the 18th day of March, 1916, said husband was ordered to pay to the plaintiff for the support of the said Claude and three other minor children, twelve dollars per month; that from March 18, 1916, until October 1, 1916, the said husband paid to the plaintiff under said order only eighteen dollars; that in October, 1916, said order was so modified as to reduce the amount to be so paid by said husband to the plaintiff to six dollars per month."

The assignment of errors is criticized by appellee and it is said that no question of law is duly presented, but only one of fact as to the sufficiency of the evidence which is in the exclusive province of the Industrial Board. Appellant states that "The only question in-tended to be presented * * * is that of the de-pendency of the mother on the minor son." It is con-tended that the evidence does not warrant the ultimate facts found by the board, and that the facts found do not warrant the conclusion that appellee was wholly dependent on the deceased within the meaning of the statute. We shall treat the assignment as sufficient to warrant consideration of the two questions suggested by the foregoing statement.

Questions of fact determined by the Industrial Board are conclusive on appeal, where there is any evidence to support the findings of the board. We have ex-

1.    amined the evidence in this case and cannot say

as a matter of law that any of the material facts found by the board are unsupported by the evidence.

The general subject of dependency under the Workmen's Compensation Act has recently been considered by this court in the case of *In re Carroll* (1917),

2. *ante* 146, 116 N. E. 844. Following this decision it is apparent that the case at bar falls within the class where dependency is not conclusively presumed and comes under that portion of §38 of the Workmen's Compensation Act (Acts 1915 p. 392) which states that: "In all other cases, questions of dependency in whole or in part, shall be determined in accordance with the fact, as the fact may be at the time of the injury."

In the case above referred to this court states in substance that the question of dependency does not turn upon the proposition that the claimant

3. could have supported life without contributions from the deceased, or that such contributions were absolutely necessary to the reasonable support of the claimant; but rather the inquiry should be directed to ascertaining whether contributions from the deceased had been looked to, depended and relied on, in whole or in part, by the claimant for means of reasonable support. As supporting this proposition, see also *Murphy's Case* (1914), 218 Mass. 278, 105 N. E. 635; *Howells* v. *Vivian & Sons* (1902), 85 L. T. 529; *Gove's Case* (1916), 223 Mass. 187, 111 N. E. 702; *Powers* v. *Hotel Bond Co.* (1915), 89 Conn. 143, 93 Atl. 245, 249; *Havey* v. *Erie R. Co.* (1915), 87 N. J. Law 444, 95 Atl. 124, 125; *Mahoney* v. *Gamble-Desmond Co.* (1916), 90 Conn. 255, 96 Atl. 1025, L. R. A. 1916E 110.

Total dependency exists where the dependent subsists entirely on the earnings of the workmen. But

in applying this rule courts have not deprived claimants of the rights of total dependents, when otherwise entitled thereto, on account of temporary gratuitous services rendered them by others, or on account of occasional financial assistance received from other sources, or on account of other minor considerations or benefits which do not substantially modify or change the general rule as above stated. 1 Honnold, Workmen's Compensation §72 and notes. *Buckley's Case* (1914), 218 Mass. 354, 105 N. E. 979, Ann. Cas. 1916B 474 and notes 480; *State, ex rel.* v. *District Court* (1915), 128 Minn. 338, 151 N. W. 123; *Carter's Case* (1915), 221 Mass. 105, 108 N. E. 911; *Caliendo's Case* (1914), 219 Mass. 498, 107 N. E. 370; *Kennerson* v. *Thames Towboat Co.* (1915), 89 Conn. 367, 94 Atl. 372, L. R. A. 1916A 436.

Applying this rule to the case at bar, we cannot say that appellee was totally dependent on her deceased son, within the meaning of the Workmen's Compensation Act, but on the facts found by the board we hold as a matter of law that she was partially dependent on him for support and that the amount of her award should be determined by the rule as laid down in §37 of the act aforesaid, as interpreted by this court in the case of *In re Peters* (1917), *ante* 174, 116 N. E. 848. By the conclusion of the full board appellee is "awarded against the defendant 300 weeks' compensation at the rate of $6.60 per week."

The award does not state how the amount was determined. If the board intended to find that appellee was totally dependent, the amount would be correct on that theory for it is fifty-five per cent. of the average weekly wage of the deceased as found by the Industrial Board. On the other hand, if the board intended to find that appellee was only partially dependent, in view of its finding as an ultimate fact

that the deceased turned all his wages over to his mother, the result would be the same in this instance, for the reason that the amount contributed is 100 per cent. of the average weekly wage of the deceased. This result follows from the rule laid down in §37 of the act aforesaid. *In re Peters, supra.*

The board having reached a correct result on the facts found, the award should be and is hereby affirmed.

NOTE.—Reported in 116 N. E. 850. See note *ante* 158.