PEOPLE'S HARDWARE COMPANY v. CROKE.

[No. 10,117.   Filed January 8, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal.
—Assignment of Error.—Questions Presented.—Statute.*—Under
§61 of the Workmen's Compensation Act (Acts 1915 p. 392), as
amended by the acts of 1917, Act 1917 p. 154, an assignment of
error on appeal from an award by the Industrial Board that the
award of the full board is contrary to law is sufficient to present
both the sufficiency of the facts found to sustain the award and
the sufficiency of the evidence to sustain the finding of facts.
p. 343.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Sole
Dependent.*—Where a deceased son paid all his earnings to his
mother as a part of a common fund used for the support of her-
self, the son and other minor children, she could maintain an
action for his death under the Workmen's Compensation Act,
Acts 1915 p. 392, notwithstanding contributions to such fund by
others.   p. 343.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Amount
of Compensation.*—Where a deceased son paid all of his wages to
his mother and they were placed in a common fund used for the
support of herself, the son and other minor children, the full
average weekly wage was the proper basis for determining the
compensation due the mother under the Workmen's Compensation
Act, Acts 1915 p. 392, without deducting amounts received by the
son from such fund for car fare, clothing and other necessary
living expenses.   p. 344.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation
Act for compensation by Ella Croke against the Peo-
ple's Hardware Company.   From an award for
applicant, the defendant appeals.   *Affirmed.*

*Samuel K. Ruick* and *Zimmerman, Garrett & Run-
dall,* for appellant.

*McMahon & Conroy,* for appellee.

FELT, J.—This is an appeal from an award of the
full board made by the Industrial Board of Indiana.
The finding of facts made by the board and the

award are as follows: ''That on and prior to the 21st day of February, 1917, one John Lawrence Croke was in the employment of the defendant as a steamfitter's helper at an average weekly wage of $14.46; that on said date, while engaged in the discharge of the duties of his employment, the said John Lawrence Croke received a personal injury by an accident arising out of and in the course of his employment, which resulted in his death on said date; that the defendant had actual personal knowledge of the accident to and the injury of the said John Lawrence Croke, and of his death, at the time of the occurrence, and executed a report thereof to the Industrial Board of Indiana on said date; that the said John Lawrence Croke was unmarried at the time of his death; that he had never been married; that he left no child or children surviving him; that he was nineteen years of age; that he lived with the plaintiff, his mother, in the city of Chicago; that his said mother, who is the plaintiff herein, the said John Lawrence Croke, Leroy Croke, a brother eighteen years of age, and a sister Bernice Croke, thirteen years of age, at the time of the death of the said John Lawrence Croke and prior thereto, were living together as a family; that the plaintiff and her husband at the time were separated; that the husband of the plaintiff and the father of the deceased, at the time of the death of John Lawrence Croke and for months prior thereto, was paying to the plaintiff, under an order of one of the courts of Cook County, Illinois, ten dollars a week for support; that for a period of about four weeks prior to the death of the said John Lawrence Croke, Leroy Croke had been working and had been earning from six to nine dollars a week; that the earnings of the said Leroy

Croke were turned over and delivered to his mother; that the earnings of the deceased, John Lawrence Croke, were turned over and delivered to his mother intact each week; that the earnings of the two sons and the support money received from the husband and father, went into a common family fund and were used by the mother, the plaintiff herein, for the ten years prior to the death of John Lawrence Croke, Leroy Croke and Bernice Croke; that for a period of ten years prior to the death of John Lawrence Croke, the plaintiff had been in very poor health, unable to earn any wages, and in fact scarcely able to do household work; that out of said family fund made up of the earnings of John Lawrence Croke, Leroy Croke, and the support money paid by the father under the order of the court of Cook county, Illinois, the plaintiff furnished John Lawrence Croke his home and board, money with which to purchase his clothing, and other necessary incidentals, and occasionally sums for spending money, suitable to his station in life; that out of said common fund the plaintiff also furnished the said John Lawrence Croke with money with which to pay his car fare each day from Chicago to Gary and return, which amounted to $4.20 per week.

## "Award.

"It is therefore considered and ordered by the full board, that plaintiff be and is hereby awarded against the defendant, three hundred weeks' compensation at the rate of $7.95 per week, beginning on the 21st day of February, 1917. It is further ordered that the defendant pay the costs of this proceeding. It is further ordered that the defendant pay the burial expenses of the said John Lawrence Croke

not exceeding one hundred dollars. Dated this 1st day of August, 1917.''

Appellant has assigned as error: ''That the award of the full board is contrary to law.'' The amended act (Acts 1917 p. 154) provides that such an assignment ''shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.''

Appellant contends that appellee is not the sole dependent entitled to receive compensation, and that the award to her alone is erroneous for that reason, and is excessive in amount. For the purposes of this proceeding the facts show appellee to be the head of a family composed of herself and three minor children. No other person is claiming compensation from appellant, nor is any other person shown to bear the same relation to the deceased as the appellee. The other minor children looked to their mother for support from the common fund of which she was the custodian and disburser. No legal obligation rested on the deceased to support his minor brother and sister, but under the facts found appellee was legally and morally bound to support her minor children. Her means of so doing was the common fund placed in her hands to which the deceased son contributed all his earnings.

On the facts found there is no merit in the contention that appellee is not the proper person to maintain this proceeding and receive the compensation legally due from appellant. *Bloomington, etc., Stone Co.* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *Murphy's Case* (1914), 218 Mass. 278, 105 N. E. 635; *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848; *In re Carroll* (1917), 65 Ind. App. 146, 116 N.

E. 844, 847; §§37, 38, Workmen's Compensation Act, Acts 1915 p. 392.

The finding of facts shows that the deceased contributed all his earnings to his mother and that she placed them in a common fund, made up of his wages, the earnings of his brother and the support money paid by the father in pursuance of an order of court.

Appellant contends that the award is excessive because it is fifty-five per cent. of the average weekly wages of the deceased; that the facts found 3. show that certain amounts were turned over to the deceased by his mother to pay car fare, buy clothing and pay other necessary expenses incident to his living and support. It is contended that such sums should be deducted from the average weekly wages of the deceased and the award be based on the balance left after making such deductions.

The facts show that all the wages of the deceased were placed in the common fund. Such being the case the basis of the award was not changed by the fact that he as well as other members of the family received support from the common fund. The Indiana statute as interpreted does not strike a balance to determine whether the deceased in such cases as this was a financial asset or a liability to the person or persons entitled to compensation under the Workmen's Compensation Act, *supra.* The average weekly wage contributed to the common family fund, held and managed by the mother, furnishes the basis for determining the amount of compensation due appellee, without being diminished as contended for by appellant. Had the deceased used part of his earnings without ever placing them in the common fund, and only placed a portion thereof in such fund, a different question would have been presented. The

finding is clear and definite on this point and is supported by the evidence. *In re Peters, supra; Murphy's Case, supra; Bloomington, etc., Stone Co.* v. *Phillips, supra; Gove's Case* (1916), 223 Mass. 187, 111 N. E. 702-705. While appellee was only partially dependent on the deceased for support, the facts show that he turned into the common fund 100 per cent. of his earnings. Such being the case, the compensation is the same as it would have been had the facts shown appellee totally dependent on the deceased for support. *In re Peters, supra.*

The award of the full board is affirmed.

Note.—Reported in 118 N. E. 314. Workmen's compensation: who are "dependents" within meaning of act, L. R. A. 1916A 121, 249, L. R. A. 1917D 157, Ann. Cas. 1913E 480, 1918B 749.