## HEUGHAN'S CASE.

Penobscot.      Opinion February 24, 1930.

*Arthur L. Thayer,*
*Milton R. Geary,* for petitioner.
*Reginald H. Harris,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, BARNES, FARRINGTON, JJ.

FARRINGTON, J.   This case comes up on appeal from a decree based on the findings of the Chairman of the Industrial Accident Commission.

2

The employee, Kenneth Heughan, was killed on August 29, 1928, in an accident arising out of and in the scope of his employment.

The claimants are the father and the mother of the deceased employee. From the evidence presented at the hearing it was found, and it is agreed by the parties, that the claimants were partially dependent on the deceased son, a minor seventeen years of age. The Commissioner also found that on "average weekly wages" of $24.00 the weekly compensation under the Workmen's Compensation Act in case of *total* dependency would be $15.38. It was agreed between counsel, and so found by the Commissioner, that, during the year preceding the death, the deceased employee's cash earnings were $350.00, all of which, with the exception of $75.00 expended by him for clothing and spending money, was turned over to the claimants to be used toward the support of the family, leaving a net total of $275.00 of which the parents had the benefit during the year.

The Commissioner's decree was that the insuring Company pay, to the claimants jointly, compensation for partial dependency at the rate of $9.95 per week, beginning August 29, 1928, for a period not to exceed three hundred weeks. But by stipulation in writing, signed by counsel for all parties in interest, and filed with this court, it is agreed that this decree shall be changed to provide for payment at the rate of $8.10 per week for the period of three hundred weeks, instead of at the rate of $9.95 per week.

The Commissioner clearly reached his rate of $9.95 by figuring only seventy-five (75) days, at the customary rate of one dollar per day, as the period during which the deceased worked and was given his board in addition to his daily pay. By the above stipulation it is evident that parties are agreed that there were one hundred seventy-two (172) days during which the deceased employee received both board and pay. Instead of a fraction of 275/425 of $15.38, it is 275/522 of $15.38, which gives the agreed rate of $8.10 as the weekly payment.

As all questions of fact have either been agreed upon or are admitted to have been correctly found by the Commissioner, the only issue in the case, therefore, is whether or not in determining the amount "contributed to defendants" there should be deducted from this sum (agreed upon as $275.00) the cost of the deceased

employee's board during the 193 days, more or less, that he lived at his parents' home and paid no board.

The Workmen's Compensation Act, Section 12 of Chapter 50, Revised Statutes of Maine, in the language of the section as amended by Chapter 201 of the Public Laws of 1925, the last amendment affecting that section as applicable to the date of the accident in the present cases, provides as follows:

"If the employee leaves dependents only partly dependent upon his earnings for support at the time of his injury, the employer shall pay such dependents for a period of three hundred weeks from the date of injury, a weekly compensation equal to the same proportion of the weekly payments herein provided for the benefit of persons wholly dependent as the amount contributed annually by the employee to such partial dependents bears to the annual earnings of the deceased at the time of the injury."

In cases with facts essentially the same as in the present case, and with provisions in the Massachusetts Act like those in the Maine Act, the Court in the former state held, in reaching the amount of compensation, that the cost of the deceased son's maintenance should not be deducted from the amount contributed by him to the dependents. *Murphy's Case*, 218 Mass., 278; *Gove's Case*, 223 Mass., 187; and to the same effect, under facts essentially the same and with like statutory provisions, *In re Peters*, 65 Ind. App., 174, 116 N. E., 848; *Slater* v. *Milling Co.*, 106 Kan., 772, 189 Pac., 908; and to the same effect, *Mahoney* v. *Gamble Desmond Company*, 90 Conn., 255.

The Court *In re Peters' Case*, supra, says, "It might be contended that it would be unjust to allow compensation, based on the earnings contributed by a minor son, where the father supports such son, without deducting the cost of such support. But in view of the fact that the act in question does not purport to provide a method of determining the actual loss sustained by such father, and require full compensation for such loss, but only assumes to fix an arbitrary amount that shall be paid such father as compensation, based on such son's annual earnings and contributions therefrom to such dependent father, it is manifest there is no basis for such contention. There is no provision in the Act for any such deduction and no language from which such requirement can be in-

ferred. Hence we conclude on reason and authority that the cost of maintenance of a contributing minor son should not be considered in determining the amount of compensation to which a dependent father is entitled."

The Court in *Mahoney* v. *Gamble Desmond Company*, supra, says, "We are not, therefore, required in this case to strike a balance between the boy's earnings and the cost of his maintenance, with a view of ascertaining whether his death was a financial injury to the father. We are only to determine whether, at the time of the injury, the father was dependent upon the boy's earnings within the meaning of the Act. As to this we think there can be no doubt. It was the father's duty to support the boy, and it was his right to receive the boy's wages. The boy did not, as the respondent argues, give to the father his pay envelope in exchange for maintenance. Nor did the father maintain the boy in exchange for his wages. The boy's wages belonged to the father. Whatever earnings the boy turned over to his father were used by the father in discharging his legal obligation to support his family;**"

An apparently contrary result was reached in the case of *Milwaukee* v. *Wiecki*, 173 Wis., 391, 781 N. W., 308 (two Judges dissenting), and also in the case of *State Ex. Rel. Fleckenstein* v. *District Court*, 134 Minn., 324, 159 N. W., 755, in both of which States the Act provided compensation to partial dependents according to the amount used in "the support" of the dependents. The quoted words are not in the Acts of the States whose decisions are cited above as holding the other view.

The case of *Moll* v. *City Bakery*, 199 Mich., 670, 165 N. W., 649, also holds that the cost of maintenance should be deducted from the contributions made in determining the amount of compensation.

While this court has never passed on the exact point raised in the instant case, we are of the opinion that the Legislature of Maine, in the Workmen's Compensation Act, adopted the *wages* of the deceased as the basis by which the amount to be paid to a claimant was to be measured, instead of using as a basis the amount of injury caused to the dependents.

We agree with the reasoning and words of Loring, J., in *Gove's Case*, supra, where he says, "Where the claimant is *wholly* depend-

ent upon the deceased it is of no consequence whether he contributed all his wages or only a fraction of them to the dependent, and it is of no consequence whether the deceased did or did not receive any benefit from the dependent. The sum to be paid is measured by the wages of the deceased not by the injury done to the dependent. Where the dependents were only partly dependent upon the earnings of the deceased the amount to be paid is 'a weekly compensation equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to the annual earnings of the deceased at the time of his injury.' (The same language essentially as in the Maine Act.) The amount to be paid in case the dependent was partly dependent only is to be a portion of that paid in case of those wholly dependent and the amount is to be determined on the same basis, that is to say, it is to be measured not by the injury done the dependent but by that proportion of the average weekly wages of the deceased which the amount of the wages contributed by him to the dependents bore to the amount of his annual earnings without regard to the benefits, if any, received by the deceased from the dependents."

We therefore hold in this case, that, in determining the amount "contributed to dependents," no deduction of the cost of the deceased employee's board, while living at his parents' and paying no board, should be made.

*Appeal sustained as to amount of weekly payments only. Case to be remanded for new decree in Accordance with this opinion.*