RITCHIE ET AL. *v.* INDIANA STATE HIGHWAY
COMMISSION ET AL.

[No. 15,483.   Filed November 6, 1935.]

Connor D. Ross, for appellants.

Philip Lutz, Jr., Attorney-General, and James D. Sturgis, Deputy Attorney-General, for the State.

BRIDWELL, J.—This is an appeal from an award made by the full Industrial Board of Indiana, denying compensation to appellants as alleged dependents of one Ray Ritchie, deceased, who, on June 19, 1933, was injured by reason of an accident arising out of and in the course of his employment by appellees, and died as a result of said injury on June 27, 1933.

Appellants assign as error that said award is contrary to law, and this assignment is sufficient to present for review the questions which are in controversy.

In its finding the board found as facts that the deceased Ray Ritchie was 19 years old; that on June 19, 1933, he was in the employ of appellees at an average weekly wage of $14.40; that on said date he suffered an injury as a result of an accident arising out of and in the course of his employment which caused his death on June 27, 1933; that appellees had knowledge of said accidental injury and death but did not furnish the necessary medical, surgical, hospital, and nurse's service, nor pay the $100.00 statutory burial expense; that at the time of said accidental injury none of the appellants

herein were either wholly or partially dependent upon the said deceased for support. The award made was in accordance with the finding.

It is contended by appellants that the evidence in this case as to dependency is undisputed, and is such as to entitle them to an award of compensation; that the board in denying compensation ignored this evidence, and failed to recognize and give heed to the spirit and purpose of our Workmen's Compensation Law.

Appellees, on the other hand, insist that the record is silent as to material facts necessary to be established before any award could be legally made to appellants, and assert that there is no evidence showing the amount of any contributions made by the deceased or the value of his labor to appellants during any period of time prior to the date of the accident, and that in the absence of any evidence of this character, the award should be affirmed.

The finding of the board, insofar as it relates to the employment, the average weekly wage; the injury, its cause, and the result thereof, is supported by the evidence and is such as would have entitled the deceased employee to an award of compensation had disability or impairment resulted from the injury instead of death, and this being true, it follows that the award, insofar as it granted medical, etc., expenses, and the statutory amount provided for burial expenses, is not contrary to law but in accordance therewith.

The evidence bearing on the question of dependency is not conflicting, and establishes the following facts to be true: The deceased employee was 19 years old at the time of the accident, and began working for appellees on the day he was injured. Previous to that time he had occasionally worked for some neighbor a day now and then, and had always turned over to his mother, for use in support of the family of which he was a

member, such wages as he earned, and that it was expected he would turn over such money as he might earn in working for the appellees to be used for the same purpose. The family consisted of his father, appellant Frank L. Ritchie, 57 years old, who, for eleven years had been an invalid unable to work; his mother, Lilly M. Ritchie, 54 years old; three sisters, appellants Gladys Faye Ritchie, 16 years old, and Orpha Lee Ritchie, 12 years old, and Ruth Ritchie, who was of legal age and had been teaching school for two or three years. The parents of the deceased owned a farm upon which the family resided, and the deceased, from the time he was a small boy until he started working for appellees, worked upon said farm, and, for a period of at least two years immediately prior to his said injury, farmed the tillable land, the crops raised thereon being utilized by the family, and such family receiving all benefits of his labor, the parents relying upon the deceased to operate such farm. There is also evidence to prove that his sister Ruth, at times, made some contribution towards the maintenance of the family, and that the father received approximately $31.00 per month compensation which was used towards supporting the family; that it required all the products raised on the farm, together with the compensation paid to the father, and the contributions received from Ruth, and such assistance as was given by the mother and the two minor daughters in the way of labor performed, to support said family. It also appears that a small amount of money was borrowed prior to the decedent's death and used in the support of the family.

The farm upon which the family resided contained 104 acres, about one-half of it being tillable, but there was no evidence as to its value, or as to the value of the crops raised thereon, or as to the value of the labor of the deceased rendered in farming said land.

The evidence further discloses that at some time prior to decedent's death (the date not being given), the mother of the deceased paid three checks aggregating in amount $45.00, upon which payment had been theretofore refused, said checks in some way involving the deceased and the payment being made presumably for the benefit of the son. The record is entirely silent as to the circumstances under which the checks were drawn, or as to why payment was refused in the first instance.

Appellants objected to the admission of any evidence relative to the checks and claim error on account of the admission of such evidence. We do not regard the admission of this evidence as reversible error, but are of the opinion that it is wholly without probative value in considering and determining the question as to whether or not appellants, or either of them, looked to, depended and relied upon deceased to contribute his service and any wages earned to the support of the family, or in determining as to whether any claimant herein was in fact either wholly or partially dependent.

Whether an applicant in any given case is entitled to compensation as a dependent will necessarily be determined from conditions and circumstances disclosed by the evidence. Here we have a case where the deceased employee had never, prior to his employment by appellees, worked for wages regularly, but had, for some years prior to the time he began working for appellee, tilled the farm owned by his parents, the benefit of his labor being received by the father's family, and he (the deceased) was depended upon to operate said farm. No cash was regularly contributed by the deceased to the common fund from which the family was maintained, but when he occasionally worked a day for some neighbor, and received pay there-

for, any money so received was turned into such fund. The father of the deceased was entitled to his services and his earnings until he reached the age of twenty-one years, or was, prior to that time, emancipated. The uncontradicted evidence clearly shows that the deceased employee had not been emancipated, and proves conclusively that partial dependency existed at the time of the accidental injury resulting in the death of the said employee.

We must next consider and decide whether it was necessary, before an award of compensation could be made, to establish by competent evidence the reasonable value of the services performed by the deceased in order that some basis be laid from which the amount contributed by him could be determined, and we are of the opinion that such proof is not required under a state of facts such as is disclosed by the record here.

Our compensation law by sections 37 and 38 recognizes two classes of dependents, those wholly dependent and those partially dependent. Section 37 of the Act provides as follows:

"When death results from an injury within three hundred weeks, there shall be paid a weekly compensation equal to fifty-five per cent of the deceased's average weekly wages during such remaining part of three hundred weeks as compensation shall not have been paid to the deceased on account of the injury, in equal shares to all dependents of the employee wholly dependent upon him for support at the time of his death. If the employee leaves dependents only partially dependent upon his earnings for support at the time of his injury the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury."

Under the terms of this section, if only partial dependency exists, and a deceased employee had contributed to those partially dependent only a part of his earnings or wages, then the value of the contributions made would have to be ascertained, but where the entire earnings are contributed such proof is not essential. In the instant case it would make no difference whether the value of the labor performed was $25.00 per week or more or less than this amount, since all that value, whatever it may have been, was contributed. *Hoosier Veneer Company* v. *Stewart* (1921), 76 Ind. App. 1, 129 N. E. 246. Where there is partial dependency, and all the earnings of a deceased employee have been contributed to a common fund used for maintenance, the amount of compensation which should be awarded is the same as if the dependent claimant had been wholly dependent, and would be 55 per cent of the average weekly wage being earned at the time of the injury, unless the amount to be awarded is necessarily affected by the maximum or minimum provisions for compensation as fixed by section 40 of our Compensation Act. *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848; *Bloomington, etc., Stone Company* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *People's Hardware Company* v. *Croke* (1918), 66 Ind. App. 340, 118 N. E. 314.

To hold that compensation should be denied to those dependent because a deceased employee had never worked for wages prior to entering into the employment where he was injured, and hence had made no cash contributions to those who relied in whole or in part upon his labor for support, would be to place such a strict construction on our Compensation Act as to defeat its evident purpose, and the effect of any such holding would be to sometimes release an employer from the payment of compensation without

any good reason for so doing. This court has consistently held that our Workmen's Compensation Act should be liberally construed to promote the purpose of its enactment.

In this case the Industrial Board has made a finding of facts that would have made it the imperative duty of said board to have made an award in favor of ██ the deceased employee had he survived the injuries received in his employment and made application for compensation in due time and form, and the finding made as to these facts is sustained by the uncontradicted evidence. While the evidence shows that the deceased was injured on the first day he worked for appellees, this fact is not important, as the shortness of the period of time of employment prior to injury is not controlling, nor is it to be considered except in determining the manner of computing the average weekly wage.

After a careful examination of the record in this case we are of the opinion that the uncontradicted evidence is such as to force a conclusion contrary to that reached by the Industrial Board on the question of dependency, and we further believe and hold that under the facts proven and not disputed by any evidence an award should have been made in favor of appellant Frank L. Ritchie, father of the deceased employee.

Award reversed, with instructions to enter an award against appellees for the payment of the necessary surgical, hospital and nurse's service for the first thirty days following the injury, the $100.00 statutory burial expense, costs, and for compensation in favor of Frank L. Ritchie at the rate of $8.80 per week for a period not exceeding three hundred weeks, all past due payments to be made in a lump sum.

Curtis, P. J., dissents.