DUMES ET AL. *v.* DECKARD.

[No. 16,268. Filed November 28, 1938.]

*Lewis & Lewis* and *Cooper, Royse, Gambill & Crawford,* for appellants.

*Samuel M. Emison,* for appellee.

LAYMON, J.—This is an appeal from an award of the full Industrial Board granting compensation to appellee for the death of her minor son. The board ordered appellant William J. Dumes to pay one-half of the amount of said award and the appellant Bituminous Casualty Corporation, the insurance carrier, the remaining one-half and further ordered appellant Dumes to pay the sum of $150 burial expense. The board found that the employment of said minor son was illegal and subjected the appellants to the double compensation provisions of the Indiana Workmen's Compensation Act. (Acts 1929, p. 536, as amended Acts 1933, p. 1103, Sec. 40-1701 Burns 1933, §16449 Baldwin's 1934.)

The board found that on July 9, 1936, while in the employ of the appellant Dumes at an average weekly wage of $6, Aubry Gail Deckard suffered an injury, as the result of an accident arising out of and in the course of his employment, which resulted in his immediate death; that the appellant Dumes had knowledge of the accidental injury; that at the time of his death Aubry Deckard was less than sixteen years of age; that he lived at

home with his mother and contributed his earnings to her; that his earnings were used in the maintenance and support of the family; that appellant Dumes had not exacted from the said Aubry Deckard a certificate issued by the school authorities showing that he could legally·be employed; that the said Aubry Deckard was illegally employed in contravention of the Child Labor Laws of the State of Indiana; and that the appellant Bituminous Casualty Corporation is the insurance carrier for appellant Dumes.

Upon this finding the board awarded appellee compensation at the rate of $12 a week during the period of her dependency, not exceeding 300 weeks beginning on July 9, 1936, and ordered the appellant Bituminous Casualty Corporation to pay one-half of the amount of said award and the appellant Dumes to pay the remaining one-half and $150 burial expenses.

The parties stipulated that on July 9, 1936, appellee's decedent, Aubry Deckard, was in the employ of appellant Dumes at an average weekly wage of $6 per week, and on said date met with an accident arising out of and in the course of his employment, of which the employer had knowledge; that said accident resulted in the death of said decedent.

In addition to the stipulation there was evidence to the effect that Aubry Deckard, the decedent, was the minor son of appellee and was residing with her at the time of his death; that on July 9, 1936, at the time of his death, he was fifteen years of age; and that he turned his earnings over to appellee, and these were by her used out of a common fund in the maintenance of the entire family, which consisted of appellee, the decedent, and four other children. Appellee testified that she depended upon the decedent "for whatever he could help, whatever he made"; that when he worked he gave her "almost all that he made," except for a small portion which

he used in buying supplies for his own laboratory experiments while studying to be a chemist; that during his employment with appellant Dumes there was no permission granted by appellee for the decedent to work in said employment; that she did not want him to work there and had never signed any papers granting said decedent permission to work for appellant Dumes.

Appellants challenge the sufficiency of the evidence to sustain the finding that appellee was a dependent of her deceased son at the time of his death and insist that the evidence discloses that such contributions as appellee received from her deceased son were not made regularly, were not expected to continue, and were not relied upon by appellee for support, as the deceased son was attending school; that he was to return to school in September of 1936; and further, that appellee's deceased son was a ward of the Board of Children's Guardians of Knox County, and said board was contributing weekly to his support, and the deceased was himself a dependent.

It is true that appellee, as the mother of said decedent, is not one of the persons presumed to be wholly dependent under our Workmen's Compensation Act, and, therefore, her dependency must be necessarily determined in accordance with the facts, as the facts may be at the time of death. The burden of establishing such facts by competent evidence is upon the claimant. As we view the evidence, however, we think it sufficient to sustain a finding that at the time of his death appellee was a dependent of her deceased son.

It is true that the contributions made by appellee's decedent were irregular, but this was due to the fact that his employment was not steady and continuous. Appellee depended upon him for "whatever he made," and his earnings, although irregular,

were used out of a common fund for the maintenance of the entire family. Under these circumstances, to hold that appellee was not dependent within the meaning of our compensation act, merely because the decedent was irregular in the contribution of his earnings, due to his occasional employment, would be to defeat the very purpose of the act.

It was also shown that said decedent was, at the time, a ward of the Board of Children's Guardians of Knox County and that said board was contributing weekly to the support of appellee and her children. It may be said that under our statute dealing with juvenile dependents and delinquents, a child who has been made a ward of the Juvenile Court and is receiving county aid is a dependent child within the meaning of that statute, but such fact is not decisive or conclusive in determining the question of dependency under the provisions of our Workmen's Compensation Act.

Appellants contend that if appellee was a dependent in any sense, she was, under the evidence, at the most only partially dependent, and not wholly dependent; that compensation, therefore, should have been awarded in accordance with partial dependency, as provided for by Sec. 37, ch. 172, Acts 1929, Sec. 40-1402 Burns 1933, §16413 Baldwin's 1934.

It is not necessary in all cases arising under our Workmen's Compensation Act involving the question of dependency that the claimant establish by proof that he or she was *wholly* dependent upon the employee at the time of his death in order to recover the amount of compensation provided by the statute for dependents wholly dependent. Under section 37 there is no difference in the amounts that a total dependent and a partial dependent are entitled to receive, where such partial dependent receives all of the earn-

ings of the deceased employee. This court, in the case of *Ritchie* v. *Indiana State Highway Commission* (1935), 101 Ind. App. 32, 38, 198 N. E. 125, said: "Where there is partial dependency, and all the earnings of a deceased employee have been contributed to a common fund used for maintenance, the amount of compensation which should be awarded is the same as if the dependent claimant had been wholly dependent, and would be 55 per cent of the average weekly wage being earned at the time of the injury, unless the amount to be awarded is necessarily affected by the maximum or minimum provisions for compensation as fixed by section 40 of our Compensation Act." See also, *In re Peters* (1917), 65 Ind. App. 174, 116 N. E. 848; *Bloomington, etc., Stone Company* v. *Phillips* (1917), 65 Ind. App. 189, 116 N. E. 850; *People's Hardware Company* v. *Croke* (1918), 66 Ind. App. 340, 118 N. E. 314.

In the case at bar the facts show that at the time of the death of Aubry Deckard, appellee was partially dependent upon him for support, and that his earnings, though meager and irregular, went into a family fund and were used for the support of his mother (appellee), brother and sisters, and himself. Applying the rule announced in the case of *Ritchie* v. *Indiana State Highway Commission, supra,* and the cases above cited, to the facts in the instant case, we conclude that the Industrial Board was justified in awarding appellee the same amount of compensation as if it were shown that she was wholly dependent upon her son at the time of his death.

Appellants next contend that the award is contrary to law for the reason that the amount of compensation awarded was the full average weekly wage of the decedent, in lieu of 55 per cent of the average weekly wages provided for in section 37 of the Compensation Act. This section of the statute must be

read and construed in connection with section 40, which provides: "In computing compensation under this act, the average weekly wages of an employee shall be considered not to be more than $30 nor less than $16: Provided, That the weekly compensation payable shall in no case exceed the average weekly wages of the employee at the time of the injury: And, provided, further, That the maximum compensation which shall be paid for an injury, under any provision of the act or under any combination of its provisions shall not exceed $5,000 in any case."

It is evident from an examination of these two sections of the statute that in computing compensation, the "average weekly wages," as used in section 37, was intended to be governed by section 40. In the latter section the maximum average weekly wage was fixed at $30, and the minimum at $16, with a proviso that the weekly compensation payable shall in no case exceed the average weekly wages of the employee at the time of the injury. In the instant case it was necessary for appellee to establish by evidence the average weekly wage of her deceased son, and this was accomplished by a stipulation entered into by the parties, which became a part of the evidence and record in the cause. This amount was $6, which is obviously less than 55 per cent of the minimum amount as fixed by the first sentence of section 40. By the first proviso of said section, the amount of compensation to be awarded is expressly limited in any event to an amount not to exceed the average weekly wages of the employee at the time of the injury. This in effect meaning that in cases where the average weekly wage of the employee is less than 55 per cent of $16, or $8.80, the maximum amount of compensation which may be awarded is the amount of the average weekly wage as shown by the evidence. See

682

*McCoskey* v. *Armstrong* (1933), 98 Ind. App. 23, 187 N. E. 901.

Appellants assert that the award of the full board is contrary to law in awarding compensation against each appellant, or double compensation, as provided by subsection (b) of section 1 (Acts 1933, p. 1103, amending Acts 1929, p. 536) because there is no evidence in the record to sustain the finding and award that the decedent was illegally employed in contravention of the Child Labor Laws of the State of Indiana. We do not agree. Section 2, Acts 1899, p. 231, Sec. 40-901 Burns 1933, provides that "It shall be the duty of every person employing young persons under the age of 16 years to keep a register, in which shall be recorded the name, birthplace, age and place of residence of every person employed by him under the age of 16 years; and it shall be unlawful for any proprietor, agent, foreman or other person connected with a manufacturing or mercantile establishment, mine, quarry, laundry, renovating works, bakery or printing office to hire or employ any young person to work therein without there is first provided and placed on file in the office an affidavit made by the parent or guardian, stating the age, date and place of birth of said young person; if such young person have no parent or guardian, then such affidavit shall be made by the young person, which affidavit shall be kept on file by the employer, and said register and affidavit shall be produced for inspection on demand made by the inspector appointed under this act. There shall be posted conspicuously in every room where young persons are employed, a list of their names, with their ages, respectively."

This statute requires that the employer exact an affidavit executed by the parent or guardian stating certain facts, and if such employee have no parent or guardian, then such affidavit shall be made by the employee.

It was shown that appellee was the parent of the decedent and that she had never signed any papers granting him permission to work for appellant Dumes. This proof sought to negative the fact that appellant Dumes had complied with the above provisions of the statute, and, in the absence of any evidence to the contrary, was sufficient to justify the Industrial Board in concluding that the appellee's decedent was illegally employed in contravention of the Child Labor Laws of the State of Indiana.

The Industrial Board awarded burial expense in the amount of $150, pursuant to and as authorized by the Acts of 1937, p. 1067, §40-1404 Burns 1933, §16415 Baldwin's Supp. 1937, which amended the Acts of 1929, p. 536. Appellants insist that the Act of 1929 providing for burial expense in an amount not exceeding $100 was in effect at the time of the accident and death of the decedent and governs the amount which the employer shall pay. To hold that the 1937 amendment governed the amount of burial expense in the instant case in lieu of the Act of 1929 in force at the time of the injury or death, would be to confer upon appellee an additional substantive right which she did not possess at the time of the injury and death of her son and to cast upon the employer a burden not imposed by the law at that time and would be giving an unwarranted retroactive, effect to the amendment. See *Riggs* v. *Lehigh Portland Cement Co.* (1921), 76 Ind. App. 308, 131 N. E. 231.

The amount of burial benefits is ordered reduced to the sum of $100. The award as so modified is affirmed.