CRADDOCK FURNITURE CORPORATION *v.* NATION

[No. 17,233. Filed April 28, 1944. Rehearing denied May 25, 1944. Transfer denied September 28, 1944.]

*James L. Murray,* of Indianapolis, for appellant.

*John H. Jennings* and *Edward E. Hardin,* both of Evansville, for appellee.

ROYSE, P. J.—This is an appeal from an award of the Full Industrial Board of Indiana in favor of the appellee for the death of her unemancipated minor son, which death resulted from an accident arising out of and in the course of his employment by appellant.

The pertinent portions of the finding and award of the Full Board are as follows:

"After reviewing all of the evidence in the case, the Full Industrial Board of Indiana now finds that

the deceased, Samuel Oscar Barfield, was in the employ of the defendant on the 16th day of February, 1943, at an average weekly wage of Twenty-two ($22.00) Dollars per week, and that he was seventeen years of age and not employed to operate an elevator; that on the said date the deceased received an accidental injury in the course of his employment that resulted in his death.

"The Full Industrial Board further finds that the plaintiff, Liddie L. Nation, was the mother of the deceased, and that his mother had never emancipated him, and that all of his earnings for which he received pay were given to his mother, placed in a common fund and used for buying groceries and keeping the family; that the deceased worked for his mother and step-father on a rented farm and contributed all of his labor to the common fund and support of the family as well as himself; that the plaintiff's mother gave the deceased some spending money from time to time; that the plaintiff is a partial dependent of the deceased.

### "AWARD

"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Full Industrial Board of the State of Indiana that the plaintiff, Liddie L. Nation, shall be paid compensation by the defendant, Craddock Furniture Corporation, at the rate of Twelve Dollars and Ten Cents ($12.10) per week for a period of three hundred (300) weeks as a partial dependent of the deceased, said payments to commence on February 16, 1943, and the defendant shall pay the regular statutory funeral expenses of $150.00 incurred by the plaintiff as a result of the death of the deceased."

The assignment of error here is that the award of the Full Board is contrary to law.

Appellee contends no question is presented by this appeal because, it is asserted, appellant's brief does not conform to the rules of this court. Technically, there is some merit to appellee's contention. However, we are convinced appellant has made

a good-faith effort to comply with the rules and we shall consider the appeal on its merits.

Appellant contends, first, appellee was not shown to be partially dependent upon her son at the time of his death, and, second, the award of the Full Board is based upon decedent's average weekly wage rather than his contribution. This involves a consideration of the evidence.

This court can only consider that evidence most favorable to the finding of the Board, and if there is any substantial evidence to sustain it, the award must be affirmed. *Scott* v. *Rhoads* (1943), 114 Ind. App. 150, 51 N. E. (2d) 89; *L. W. Dailey Construction Company* v. *Carpenter* (1944), 114 Ind. App. 522, 53 N. E. (2d) 190; *V. E. Sprouse Company* v. *Rice* (1936), 102 Ind. App. 612, 4 N. E. (2d) 57.

There was evidence from which the Industrial Board could find the appellee was very poor, she had five children, some of whom had to be kept for a time in an orphan asylum. One of said children was a cripple. She and her family lived on a rented farm near Evansville. The decedent, who was a little more than seventeen years of age at the time of his death, had for several years prior thereto worked on the farm without compensation and at the same time worked for other persons in the vicinity of his home earning at times as much as $15 per week. He turned over to appellee all of his earnings. The money he turned over to appellee was used in caring for the family. Appellee, from time to time, gave decedent money to go to the show, etc. Early in February, 1943, there being no work on the farm, decedent went to Evansville to get a temporary job. Three or four days prior to his death,

which occurred on February 16, 1943, he was employed by appellant at a wage of $22.00 per week. He was killed in an elevator accident on appellant's elevator.

We are of the opinion there was sufficient evidence to sustain the finding of the Board that appellee was a partial dependent of the decedent.

It is well established that there is no difference in the amounts that a total dependent and a partial dependent are entitled to receive under the Workmen's Compensation Act where the partial dependent has received all of the earnings of the deceased employee. *E. I. Du Pont De Nemours & Co., Inc.,* v. *Dobrinich et al.* (1943), 113 Ind. App. 544, 49 N. E. (2d) 395; *Dumes et al.* v. *Deckard* (1938), 105 Ind. App. 674, 17 N. E. (2d) 481; *Ritchie et al.* v. *Indiana State Highway Commission et al.* (1935), 101 Ind. App. 32, 198 N. E. 125. We are in accord with the rule enunciated in these cases and believe it is in harmony with the intent and spirit of the Workmen's Compensation Act.

There being evidence to sustain the finding of the Board that the average weekly wage of the decedent was $22.00, the award of the Full Industrial Board is not contrary to law, and is therefore affirmed with the statutory penalty.

NOTE.—Reported in 54 N. E. (2d) 295.

ROYSE, J.—Appellant contends that our statement in the original opinion that "It is well established that there is no difference in the amounts that a total dependent and a partial dependent are entitled to receive under the Workmen's Compensation Act where the partial dependent has received all of the earnings of the deceased employee," is in conflict with the decision of this court in the case of *Barker et al.* v. *Reynolds et al.*

(1931), 94 Ind. App. 29, 179 N. E. 396. That case is clearly distinguishable from the instant case. There the deceased was an adult thirty years of age. In the instant case the deceased was an unemancipated minor, and we adhere to the ruling announced in the original opinion.

The petition for rehearing is denied.

NOTE.—Reported in 55 N. E. (2d) 121.