13442.   ÆTNA LIFE INSURANCE CO. *v.* SMITH *et al.*

Section 38 (c) of the workman's compensation act (Ga. L. 1920, p. 167, 188), providing for the fixing of the award where the deceased employee does not leave dependents who have been wholly dependent upon the employee for support, provides a method of computation as follows: The weekly compensation awarded shall be to the sum which would have been awarded had the dependents been totally dependent as the amount of the weekly contribution which had been made by the deceased to the partial dependents is to the amount representing the total dependency at the time of the injury. "Total dependency," as used in this section, means the total amount contributed to the support of the dependents of the deceased employee from all sources, including the contribution made by the deceased employee. This section was amended on August 16, 1922 (Ga. L. 1922, p. 185), and the foregoing does not apply to awards made since this amendment went into effect.

DECIDED FEBRUARY 15, 1923.

Appeal; from Fulton superior court — Judge Pendleton. February 6, 1922.

*Bryan & Middlebrooks, W. R. Tichenor,* for plaintiff in error.

*Thomas J. Lewis,* contra.

STEPHENS, J.  This case originated before the Industrial Commission of Georgia, and is before this court upon an exception to the judgment of the superior court affirming an award of the commission under the workman's compensation act of 1920 (Ga. L.

1920, p. 167, et seq.). No exception is taken to the finding of the commission that the applicants, who were partial dependents of the deceased employee, were entitled to compensation under the act, but exception is taken to the amount of the award and the method used in its computation.

In providing for the relief of persons dependent for support upon the earnings of a deceased employee, the act, in sections 38(b) and 38(c), provides:

38(b) " The employer shall pay the dependents of the employee wholly dependent upon his earnings for support at the time of the injury a weekly payment equal to one half of his average weekly wages, but not more than ten dollars nor less than five dollars for a period of three hundred weeks from the date of the injury."

38(c) " If the employee leaves only dependents partly dependent upon his earnings for support at the time of the injury, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents bears to total dependency at the time of the injury."

Restated, section 38 (c) provides as follows: The weekly compensation awarded shall be to the sum awarded had the dependents been total dependents, as the amount of the weekly contribution which had been made by the deceased to the partial dependents is to the amount representing the total dependency at the time of the injury. Since this award was made the legislature has amended section 38 (c) and changed the method of computation by providing that the compensation awarded shall be to the sum awarded had the dependents been total dependents as the amount of the average weekly contribution by the deceased to the partial dependents is to the " *average weekly wages* [of the deceased employee] at the time of his injury." Ga. L. 1922, p. 185. Of course, the provisions of the act as they stood before the amendment must be applied to this case. In order to determine what is a correct award for partial dependents, as provided in section 38 (c) of the act before it was amended, it is necessary to determine: (1) the amount of the award for persons totally dependent upon the deceased employee; (2) the amount contributed to the support of such partial dependents by the deceased employee; (3) the

amount of the "total dependency" at the time of the injury. "Total dependency," as used in this section, can only mean what the words import, viz. the total amount contributed to the support of the dependents from all sources, including the contribution which had been made by the deceased employee. The undisputed evidence fixes all three of these amounts, and, in order to determine the proper award, it is unnecessary to apply any principle of law, but only that of simple mathematics. Had the dependents in this case been totally dependent upon the deceased employee, whose weekly wages were $9, the correct award would have been $5 per week; the weekly contribution by the deceased employee to her partial dependents was $5, and the total weekly contribution to the support of the partial dependents from all sources was $22.50. In determining this last amount, the evidence showed that the partial dependents of the deceased received from one source a weekly contribution of $10, from another source $7.50, and from the deceased employee $5, thus making a total weekly contribution to the support of the dependents from all sources of $22.50. This proposition, stated mathematically, is as follows: X, the amount of the award to be determined, is to $5, the amount of the award had the dependents been totally dependent upon the deceased employee, as $5, the amount of the weekly contribution by the deceased employee to her partial dependents, is to $22.50, the amount of total dependency. The product of the extremes being equal to the product of the means, we have the formula: $22.5X=$25; X=$1.11. This latter amount represents the amount which the commission should have awarded as weekly compensation as a result of the death of the deceased employee. The commission awarded $2.78 per week. This was arrived at by substituting $9, the amount of the deceased's weekly earnings, for $22.50, the amount of total dependency. This method of computation awarded an amount beyond that which is authorized by the statute. The judge of the superior court, therefore, on appeal from the award of the commission, erred in affirming the award. This judgment must therefore be reversed. In so doing direction is given that the judge of the superior court, in the exercise of the authority given to him under section 59 of the act (Ga. L. 1920, p. 167), enter a final judgment in accordance with the ruling here made.

*Judgment reversed with direction. Jenkins, P. J., and Bell, J., concur.*