### No. 3122
### Second Circuit

### LITTLE v. CROW-EDWARDS LBR. CO.

(December 21, 1927.   Opinion and Decree)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Master and Servant —Par. 160.**
Under Section 8, Sub-section 2, of the Workmen's Compensation Act No. 20 of 1914, as amended by Act No. 85 of 1926, where the father of deceased was partially dependent on earnings of the deceased, the amount to be awarded should be as follows: The amount of award to be determined is, to the amount of award, if father had been wholly dependent upon deceased employee, as the weekly average contribution made to the father is to the amount of the weekly wage of deceased.

2. **Louisiana Digest—Master and Servant —Par. 160 j, 160 l.**
Where the evidence in a suit for compensation under the Workmen's Compensation Act No. 20 of 1914, as amended, does not show sufficiently the amount to which father was dependent upon the earnings of his deceased son, the case will be remanded for new trial.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union.

Action by Calvin L. Little against Crow-Edwards Lumber Company.

There was judgment for plaintiff and defendant appealed.

Judgment annulled and case remanded to district court.

H. G. Fields, of Farmerville, attorney for plaintiff, appellee.

B. K. Watson, of Farmerville, attorney for defendant, appellant.

WEBB, J.   Denny Little, an unmarried man, twenty-eight years of age, while employed by the Crow-Edwards Lumber Company at a wage of eighteen dollars per week, received an injury while in the course of and arising out of his employment, which caused his death within a few days after the accident; and this action was instituted by the father of the deceased to recover judgment for compensation under the Employers' Liability Statute (Act No. 20 of 1914) for the death of his son.

The statute (Section 8, Paragraph 2), as amended by Act No. 85 of 1926, provides compensation for two classes of dependents —those who were wholly dependent for support upon the earnings of the deceased and

those who were partially dependent thereon.

The statute fixes the amount to be paid the first class at a certain per cent of the weekly wages of the deceased, and the amount to be paid to the other class is fixed with reference to the amount which the person would have been entitled to receive had he been wholly dependent; the statute in regard to the fixing of compensation reading in part as follows:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid, as aforesaid, shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."

The evidence shows that the plaintiff was a farmer living with his family (consisting of a wife, stepmother to the deceased, and seven minor children) on a tract of one hundred and sixty acres, which was cultivated by plaintiff and his family, from which resource plaintiff obtained considerable revenue but not more than enough to furnish himself and family with the bare necessities of life; and the evidence further showing that plaintiff was not in good health, that the farm was mortgaged, and that he did not own any other property, and it further appearing that plaintiff had received from his major children, including the deceased, some contributions in money, provisions, and clothing for the children, for a period of several years, we are of the opinion that the evidence establishes dependency (Hamilton vs. Texas Co., 151

La. 692, 92 South. 301; Cawthorn vs. Cypress Tank Co., 1 La. App. 100; Nelson vs. Henderson, I. W. & S. Co., 1 La. App. 232; Rome vs. Mexican Pet. Corp., 3 La. App. 523); however, the dependency was partial, and under the statute the right to recover for partial dependency is dependent on the amount contributed by the employee to the partial dependents during the year prior to his death.

The evidence as to the amount contributed by the deceased to plaintiff during the year preceding his death is very indefinite, and although when pressed by his counsel to fix a definite amount, he stated that the deceased had contributed ten or fifteen dollars per month, he was unable to specify any contribution of more than ten dollars which was made during the two months prior to the employee's death, and also to show that during the same period of time deceased had given one of the children a dress and a pair of hose, the value of which was not stated.

The plaintiff carried the burden to establish the amount contributed by the deceased within the year prior to the latter's death, which fact was particularly within his knowledge, and we do not think that the statement of plaintiff that the deceased had contributed ten or fifteen dollars per month, which clearly related to the entire period of some years during which plaintiff claimed the deceased had contributed to his support, when considered with the fact that plaintiff did not undertake to specify any certain contributions except those made within the last two months prior to the death of his son, is sufficient proof on which to base a judgment (Gilbert vs. Liebman, 47 La. Ann. 548, 17 South. 167; La. Dig. verbo "Evidence", No. 349 and that the only actual proof of any contributions was of ten dollars made during the two months prior to the employee's death,

and of a dress and pair of hose made to one of the children during the same period.

While the child herself may have been a partial dependent, no claim is set up in her behalf, and as the evidence does not show such contributions to have been made to her or other children of the family in such manner as to indicate that the gifts or contributions made to her or the other children were made other than to assist plaintiff, who claims the benefit of same, we are of the opinion that in determining the amount coming to plaintiff, the contributions made to the father in money or otherwise, and to the children, during the year prior to the death of the deceased, should be considered as the factors of the equation proposed for determining the compensation to be paid the plaintiff.

The factors of the equation proposed by the statute based upon the facts proven would be thirty-two and one-half per cent. of the weekly wages of the deceased at the time of his death, or five and 85/100 dollars, and the average weekly amount contributed by the deceased to the plaintiff, or one fifty-second of ten dollars, which would be about twenty cents, and the weekly wage of the deceased, or eighteen dollars, which proposition, mathematically stated, would be as follows: the amount of the award to be determined is, to the amount of the award, if plaintiff had been wholly dependent upon the deceased employee, as the weekly contribution made to plaintiff is to the amount of the weekly wage of the deceased.

The amount which would be awarded under the evidence would, however, be so small, and as the evidence indicates that the deceased may have contributed more than ten dollars, by assisting him on the farm or rendering valuable services or by making contributions of necessities to the children, the value of which can be established, we think that the plaintiff should be permitted to offer additional evidence in support of his dependency, and that the case should be remanded for a new trial, in accordance with the law and the views herein expressed.

It is, therefore, ordered that the judgment appealed from be annulled and set aside and that the case be remanded to the District Court for a new trial; the costs, including the cost of this appeal, to await the result of the new trial.