No. 3299

Second Circuit

LITTLE v. CROW-EDWARDS LUMBER COMPANY

(December 19, 1928. Opinion and Decree.)

H. G. Fields of Farmerville, attorney for plaintiff, appellee.

B. K. Watson, of Marion, attorney for defendant, appellant.

WEBB, J. Plaintiff, C. L. Little, father of Denny Little, deceased, brought this action against defendant, Crow-Edwards Lumber Company, to recover compensation under the Employers' Liability Law (Act No. 20 of 1914 as amended) for the death of his son, which resulted from an injury received by him while in the course of and arising out of his employment with defendant.

The cause was formerly before this court (Little vs. Crow-Edwards Lumber Company, 7 La. App. 304), and under the evidence presented at that time we found that the plaintiff was partially actually dependent upon the earnings of the deceased, which, at the time of the injury, was eighteen dollars per week, but being unable to determine the amount which decedent had contributed to plaintiff's support during the year prior to his death, which occurred on August 6, 1926, the case was remanded for a new trial, and it is again presented on an appeal taken by defendant from a judgment rendered against it in favor of plaintiff for compensation at the rate of thirty-two and one-half per cent of eighteen dollars, or five and 85-100 dollars, per week, payments to begin as of August 6, 1926, and continue for a period not exceeding three hundred weeks, with legal interest on all past due payments.

The statute provides that:

"If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly

payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."

And that the weekly payments to be made to the father who is actually and wholly dependent upon the deceased shall be thirty-two and one-half per centum of the wages of deceased at the time of the accident and death.

In our former opinion we held the evidence established that plaintiff was only partially dependent upon the earnings of the deceased, that his weekly wage was eighteen dollars per week, and that the amount of the weekly compensation to be paid plaintiff should be determined by reference to the formula, that is, the question (weekly compensation to be paid to the partial dependent father) is to the amount which would have been received by the father had he been wholly dependent upon deceased (or 32½ per cent of the weekly wages of deceased at the time of the injury as the average weekly contribution made by the deceased to plaintiff's support during the year prior to the accident and death is to the amount of the weekly wages of deceased at the time of the accident (see Aetna Life Ins. Co. vs. Smith et al., 29 Ga. App. 628, 116 S. E. 322), and considering the evidence with reference to the factors to be used in the formula, we find that the evidence establishes that deceased was earning eighteen dollars per week, that plaintiff was only partially dependent, and that decedent had contributed to his support during the year prior to the accident the sum of two hundred fifty dollars.

There is not any complaint of the finding that the deceased was earning eighteen dollars per week at the time of the acci-

dent, and summarizing the evidence as to dependency and the extent of dependency, it shows that the plaintiff was a farmer living with his family (consisting of his wife, stepmother of deceased, and seven minor children) on a tract of one hundred sixty acres of land, which was cultivated by plaintiff and his family, from which plaintiff obtained comparatively considerable revenue, but not more than enough to furnish himself and family with the bare necessities of life; that the plaintiff was not in good health, that the farm was mortgaged, that he did not own any other property, and that he received some contributions from other of his major children besides deceased, which establishes, we think, dependency (Hamilton vs. The Texas Co., 151 La. 692, 92 So. 301; Cawthorn vs. Cypress Tank Co., 1 La. App. 100; Nelson vs. Henderson I. W. & Supply Co., 1 La. App. 232; Rome vs. Mexican Petroleum Corp., 3 La. App. 523), but considering that the revenue received by the plaintiff from his farm and contributions made by his other major children was greatly in excess of the contributions made by the deceased, plaintiff's dependency upon the wages of the deceased for support was only partial (Buhner vs. Bowman, 81 Ind. App. 395, 143 N. E. 366; Ex Parte Sloss-Sheffield Steel Co., 212 Ala. 3, 101 So. 688).

The evidence as to the amount contributed by deceased to plaintiff, during the year prior to his death, is somewhat indefinite, in that the value of one of the items, the services contributed by the deceased in assisting in the cultivation of the farm for a period of something more than three months, is not shown, but plaintiff testified that decedent had made contributions in money amounting to one hundred seventy-three dollars, and that the total amount of the contributions

was twenty to twenty-five dollars per month, and placing a minimum value on the services established in cultivating the farm, authorizes the total contributions to be fixed at the lowest estimate of twenty dollars per month, or two hundred forty dollars per year, or the average weekly contribution at four and 69-100 dollars.

Accepting as the factors in the formula proposed, eighteen dollars, the weekly wage received by the deceased, and $32\frac{1}{2}$ per cent of that sum as the amount which plaintiff would have been entitled to receive had he been wholly dependent upon deceased, and four and 69-100 dollars as the average weekly contribution made by the deceased to plaintiff during the year prior to the accident, the formula would be (?) 5.85 :: 4.69 : 18, and its solution would give the amount of the weekly compensation to be paid to the plaintiff as one and 52-100 dollars.

The amount which plaintiff would thus receive would be small, but it is not suggested that the provision of the statute for ascertaining the weekly compensation to be paid to those who are partially dependent is not susceptible of application, and although the formula stated does not follow the provisions of the statute in taking as one of the factors, to determine the weekly compensation to be paid, the average weekly contributions to plaintiff by decedent during the year prior to the accident, rather than the total amount of the contributions during the year, we think that a deviation is authorized, in order to give effect to the statute, as it is clear that the legislature could not have intended that the partial dependents of the deceased should receive more than those who may have been wholly dependent.

It is therefore ordered that the judgment appealed from be amended so as to fix the amount of the weekly payments to be made to the plaintiff at one and 52-100 dollars, and that as amended the judgment be affirmed; plaintiff to pay the cost of the appeal, and all other costs to be paid by defendant.