FUHRMANN ET AL. v. KEENAN

—————

(February 11, 1929. Opinion and Decree.)
(February 25, 1929. Rehearing Refused.)
(March 26, 1929. Writ of Certiorari and Review Granted by Supreme Court.)
(June 4, 1929. Opinion and Decree Supreme Court.)

—————

A. R. Christovich, of New Orleans, attorney for plaintiffs, appellants.

E. R. Mabry, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This is a suit under the Louisiana Workmen's Compensation statutes. Defendant admits that, at the time of the death of decedent, he was employed by defendant, and that his weekly wages were $15.40. The defense is that the claimant, who is the father of the decedent, was not dependent upon decedent to any extent at the time of his death, and had not received any assistance, financial or otherwise, from the decedent for several years prior to his death.

The case is to some extent unique in that only one witness was placed on the stand and that witness was claimant himself. Defendant asks us to disbelieve claimant and to refuse him compensation. Claimant admits that for the year prior to the death of decedent he had received from him very little financial assistance, but his testimony is very plain that he did receive during that year at least $25, that is to say. $5 or $10 (claimant does not remember which) in January or February, 1927; $10 about July 4, 1926, and $10 during May, 1926, making a total of at least $25. It is true that claimant's memory is not particularly good and that some of his statements seem improbable. They are, nevertheless, possibly true, and in the absence of any contradictory evidence we are not prepared to disregard them altogether.

How much, then, is claimant entitled to?

In Act No. 85 of 1926, Sec. 1 appears the following:

"For injury causing death within one year after the accident there shall be paid to the legal dependents of the employee, actually and wholly dependent upon his earnings for support at the time of the accident and death, a weekly sum as hereinafter provided. If the employee leaves legal dependents only partially actually dependent .upon his earnings for support at the time of the accident and death, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in the year prior to his death bears to the earnings of the deceased at the time of the accident."

Let us now apply this paragraph to the present situation.

Decedent at the time of his death was earning $15.40 per week. Sixty-five per cent of this is $10.01. This is the weekly amount to which claimant would have been entitled had he been wholly depend-

ent. In order to determine the amount to which he would be entitled as partially dependent, we must ascertain what part of his earnings during the year previous to his death he sent to claimant. During the year previous to his death, he seems to have worked one-half the time at an average weekly wage of $15.40. He, therefore, during that year, earned $400.40. Of this amount he sent to claimant $25, or one-sixteenth. If the minimum set forth in the statutes were not applicable here, claimant would therefore be entitled to weekly compensation for three hundred weeks, amounting to one-sixteenth of $10.01, or 62½ cents per week. Although under the original Act No. 20 of 1914, sub-paragraph (e) of paragraph 1 of section 8, the minimum did not seem to apply to partial dependents, there can be no doubt that under the act of 1926 the minimum does apply, and that therefore claimant is entitled to $3 a week for three hundred weeks, instead of 62½ cents per week, which he would be entitled to except for the minimum fixed in the act. Counsel does not dispute this.

As to the amount expended by claimant for funeral and incidental expenses, we are again asked to disregard the testimony of claimant as being so highly improbable as to be impossible of belief. We readily admit that the testimony does seem improbable, but it is by no means impossible, and we do not feel justified in disregarding it and in rendering judgment contrary to it, in view of the fact that there is no evidence whatever to contradict it.

Our attention is called to the fact that on January 16, 1929, Mrs. Agnes Fuhrmann, mother of the decedent, died at her home in St. Tammany Parish, Louisiana. Inasmuch as we are of the opinion that the minimum compensation payable is $3 per week, her death will not affect the amount to be awarded, as claimant, although he is the only surviving parent, is entitled to the minimum award of $3 per week.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and there is now judgment in favor of claimant and against defendant, condemning defendant to pay to claimant $3 a week for three hundred weeks, together with the further sum of $150 funeral and incidental expenses and all costs.