**BROWN et al. v. LOUISIANA HIGHWAY COMMISSION et al.**

**No. 1510.**

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1935.

Leslie P. Beard, of New Orleans, for appellants.

Morgan & Simmons and Jas. T. Burns, all of Covington, for appellees.

LE BLANC, Judge.

This is a compensation suit in which the only remaining issue on appeal is the extent of dependency of the plaintiffs. If they were wholly dependent on the deceased employee, who was their son, then they are entitled to recover, jointly, the maximum amount of compensation allowed under the statute, which is $20 per week. On the other hand, if they were only partially dependent on their deceased son, then their compensation is fixed by subsection 2 of section 8 of the compensation statute as amended by Act No. 85 of 1926 (page 114), which reads as follows:

"If the employee leaves legal dependents only partially actually dependent upon his earnings for support at the time of the accident and death, the weekly compensation to be paid as aforesaid shall be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent as the amount contributed by the employee to such partial dependents in

the year prior to his death bears to the earnings of the deceased at the time of the accident."

Plaintiff Ferdinand Brown is, and was, at the time of the death of his son, Ferdinand Brown, Jr., the deceased employee, town marshal of the town of Abita Springs, and the use to which a monthly salary paid him as such, was put, is the factor which determines the question as to whether these plaintiffs were wholly or only partially dependent on their son. The contention made by them is that under the method by which payment of the salary was made, it could not be classed as a contribution to the current monthly expenses of the household, and therefore they were wholly dependent on what their son gave them for support. The district judge agreed with their contention and adjudged them wholly dependent. As the decedent's weekly wages amounted to $32.30 and 65 per cent. of that sum, the compensation plaintiffs were entitled to, was more than $20, the judgment limits the award to this latter amount, which is the maximum allowed under the statute. From such judgment, the defendants have appealed.

 Ferdinand Brown, Jr., was employed by the Louisiana Highway Commission as a motorcycle patrolman, and was paid a salary of $140, monthly. There is some slight dispute as to the exact amount he contributed out of his salary to the care and support of his parents, but we think that the testimony can fairly be said to establish the average at $128.51 each month. The largest disputed item is one of $31.11, monthly payments which he made on the purchase price of an automobile for his mother. Whilst there may be some circumstances arising out of the testimony to justify the doubt which, it is contended by counsel for defendants, exists concerning the purchase of this car, we nevertheless are of the opinion that the preponderance of the testimony, as it appears from the record, shows that the deceased employee had bought it for his mother, and that he was meeting the monthly installments as they became due.

Ferdinand Brown, plaintiff herein, as marshal of the town of Abita Springs, was entitled to receive a salary of $45 per month. Because of the depression, the finances of the town had become impaired, and there was serious question for a time as to its ability to pay its officials their salaries. It happened that Mr. Barney Carey, the mayor of the town, was a merchant to whom Ferdinand Brown was indebted for some past-due accounts amounting to approximately $500. Being in this somewhat advantageous position, and knowing that the current grocery account was being paid out of the son's salary, he arranged with Brown that any payments which would be made to him on his salary would be turned over to him to be applied on this old account. As the current account was being taken care of out of the son's earnings, the father agreed to this method of liquidating his old debt.

In using the word "advantageous" in referring to the position thus occupied by Mr. Carey, we mean to cast no reflection on him or on the course he followed, but still it seems to be the best word to describe the situation. He himself says in his testimony, "whenever we got a little money in the treasury I was always after getting Brown's check because he owed me the money." He was then asked, "If you were not the mayor and running the store the chances are Mr. Brown wouldn't ever have gotten his check?" and his answer was, "I wouldn't say that but I doubt if he would have gotten as much as he got." Counsel for plaintiffs, however, state without any reserve whatever, in their brief, that "had it not been for the mayor's influence and his personal interest, and the arrangement whereby he was to receive the entire benefit, these payments would not have been made." Later on, they again state that they "feel confident in asserting that had Brown insisted upon receiving this money himself, no voucher would have been issued, as even the mayor had not received his own salary for a long period of time."

If the plaintiff Brown, as marshal of the town of Abita Springs, was entitled to a salary and there were funds at all in the town treasury to pay that salary or a part of it, he should have received it without any restrictions whatsoever. The mayor of the town did not have the right to take advantage of his position and impose the condition which he did in paying it, and which enured to his personal benefit. The payments represented the earnings of Mr. Brown, and he should have been left free, unless legally restrained otherwise, to use them to the extent that they would, for his own support and that of his family.

It is argued that under the arrangement by which the salary was applied to Brown's old indebtedness, he, in effect, did not receive any money. But it is admitted that the monthly salary check had to be and

was made payable to Brown's order, and necessarily had to be indorsed by him for payment. If he chose, under the condition imposed by Mr. Carey, to indorse the check over to him, instead of cashing it himself, that did not detract from the fact that he actually received it, and that it represented so much income each month. The fact that on some occasions the full amount was not paid makes no difference in considering the issue of total or partial dependency, the only one involved in the case.

In order to support their claim of total dependency, counsel for plaintiffs refer us to the case of Rentz v. Phœnix Utility Co., a decision by this court reported in 141 So. 802, 804. The facts in that case, however, showed a condition of absolute and entire dependency of a grandfather on his grandson. The plaintiff in that case lived in a small two-room house which he had built on the land of a friend, whereas the plaintiffs in this case live in their own home and have another house on their property. Mr. Rentz was 77 years old, was sick and unable to work, and had been so situated for three years previous to his grandson's death, and during the year preceding, had only been able to earn the sum of $2. Mr. Brown, on the other hand, at the time of his son's death, was 60 years old, occupied the position of town marshal of Abita Springs, and both he and his wife apparently were active and able to work. In these respects, therefore, it cannot be said that the condition of the respective claimants in these two cases was the same.

We are also referred to certain excerpts quoted in the opinion in the Rentz Case from Ruling Case Law, to the effect that dependency of a father on his son who contributes to his living expenses may exist even in cases where the father himself might have been earning wages which should have supported him and his family. But the section in which the proposition is stated treats of dependency in general, and not of total dependency, the question we are called on to determine in this case. It is conceded in this case that there was partial dependency, and the sole defense is that the plaintiffs were not wholly dependent on their deceased son. It is true that in another section of the chapter which treats of total dependency it is stated that a claimant will not be held to have forfeited his right attaching to that kind of dependency, "by reason of the fact that occasionally assistance was received from other persons"; but in this case it was the regular salary which the claimant Brown received each month which makes the important distinction and which takes him and his wife out of the class of total dependents.

Our conclusion being different from that reached by the district judge, it becomes necessary for us to amend the judgment appealed from, and to fix compensation according to that provision of the statute quoted at the beginning of this opinion. In the case of Little v. Crow-Edwards Lumber Co., 9 La. App. 465, 121 So. 219, there is a formula presented which we believe is the best to follow in computing the proper amount of compensation in cases of this character. It takes into account all factors involved in working out the proper proportion to be arrived at. In this case, the deceased employee's earnings were $140 per month, or $1,680 per year. Dividing the latter amount by 52 weeks, we find his average weekly earnings to have been $32.-30. His dependents, therefore, had they been wholly dependent, would have been entitled to a sum in excess of $20, but would have been limited to that amount as the maximum. We fixed the employee's monthly contribution from his earnings to his dependent father and mother during the year preceding his death at the sum of $128.51, or $1,542.12 per year. Upon dividing this amount by 52, we find his weekly contribution to have been $29.66. With these factors before us, the proposition may be stated as follows: What sum is to $29.-66, the average weekly contribution made by the deceased employee to his dependents, as $20 per week, the amount of compensation the dependents would have received had they been wholly dependent, is to $32.30, the employee's average weekly earnings? Stated in figures, the problem is, ? : $29.66 : : $20.00 : $32.30, and when worked out, the answer is $18.36. This, we hold, is the amount of weekly payments the plaintiffs are entitled to receive as compensation under the statute.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, amended by reducing the amount of compensation from the sum of $20 per week for the period of 300 weeks, to the sum of $18.36 per week for that period, and that as thus amended it be affirmed; plaintiffs to pay the costs of this appeal, and all other costs to be borne by the defendants.