## TREADWELL v. COLUMBIA CASUALTY CO. et al. *

### No. 5233.

Court of Appeal of Louisiana. Second Circuit.

April 3, 1936.

Foster, Hall, Barret & Smith, of Shreveport, for appellant.

Jackson & Smith and Chas. L. Mayer, all of Shreveport, for appellee American Mut. Liability Ins. Co.

Irion & Switzer, of Shreveport, for appellees Werner Co., Inc., and Columbia Casualty Co.

HAMITER, Judge.

Marvin B. Treadwell claims compensation under the Louisiana Employers' Liability Act (Act No. 20 of 1914, as amended) at the rate of $20 per week for 100 weeks, and also the sum of $250 for medical expenses.

According to the allegations of the petition, plaintiff's eye was injured in an accident on October 11, 1934, while he was performing the duties of his employment with the Werner Company, Inc. For several days the eye was badly inflamed. Thereafter it was less affected until on or about September 1, 1935, plaintiff being still in the employ of such company, when the sight of the eye became "cloudy." Examinations by physicians disclosed that a metallic sliver or fragment had penetrated the eyeball, had remained lodged therein, and had set up a condition known as siderosis bulbi. Plaintiff suffered no accident to his eye other than the one of October 11, 1934.

Compensation insurance was carried by the Werner Company, Inc., with the Columbia Casualty Company for one year beginning July, 1934, and with the American Mutual Liability Insurance Company for one year beginning July, 1935.

This suit is directed against the Werner Company, Inc., the employer, Columbia Casualty Company, the insurer at the time of the accident, and the American Mutual Liability Insurance Company, the insurer at the time the eyesight became "cloudy."

Answers were filed by the employer, and the Columbia Casualty Company, while the American Mutual Liability Insurance Company tendered an exception of no cause and

no right of action. The exception of no cause of action was sustained, and plaintiff perfected an appeal. The correctness of this ruling is the only matter before us for review. The Werner Company, Inc., and the Columbia Casualty Company are not involved in the appeal.

■ It is elementary that the allegations of fact contained in the petition must be taken and considered as true in passing on the exception of no cause of action. Maniscalco v. Shell Petroleum Corporation, 176 La. 492, 146 So. 33.

■ The policy sued on is not in the record. However, it is purely statutory, having been issued for the purpose of insuring and indemnifying Werner Company, Inc., against claims arising under the Employers' Liability Act of Louisiana, and the provisions of such act are controlling. Accordingly, the question of appellee's liability must be decided by an interpretation of the applicable provisions. Electrical Supply Co. v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510; section 26 of Act No. 20 of 1914.

The portions of Act No. 20 of 1914, as amended, pertinent to the matter of insurance and to a decision of this case, are as follows:

"Section 23. That no policy of insurance against liability arising under this act shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon. * * * No policy of insurance against liability under this act shall be made unless such policy shall cover the entire liability of the employer under this act." Act No. 20 of 1914, § 23, as amended by Act No. 85 of 1926.

"Section 24. * * * And that the insurer shall in all things be bound by and subject to the awards, judgments, or decrees rendered against such insured." Act No. 20 of 1914, § 24.

Appellant, plaintiff herein, contends that the impairment and disability did not become compensable until September 1, 1935; that appellee became the insurer July, 1935, for a period of at least one year therefrom; that under section 23 of the act, appellee agreed to "promptly pay to the person entitled to compensation all installments of the compensation that may be awarded or agreed upon," and that its "policy shall cover the entire liability of the employer under this act"; that according to the provisions of section 24, appellee agreed that during the term of its policy it would "in all things be bound by and subject to the awards, judgments, or decrees rendered against such insured"; and that, therefore, both insurers, the one at the time of the accident and the appellee herein, are solidarily liable.

Appellee did not become the insurer until after the accident, as aforestated, and for that reason it vigorously denies all liability, and asserts that the Columbia Casualty Company is the only insurer liable.

■ Considering first the question of the employer's liability, we find that section 2 of Act No. 20 of 1914, as amended by Act No. 85 of 1926, states:

"That if an employee employed as hereinabove set forth in Section 1 * * * receives personal injury by accident arising out of and in the course of such employment his employer shall pay compensation in the amounts and on the conditions and to the person or persons hereinafter provided."

Accordingly, an employer is liable to an employee only for personal injuries that are caused by or grow out of an accident. And appellant expressly alleges, "that he has suffered no accident save the accident on or about October 11, 1934." Consequently, the liability of Werner Company, Inc., to appellant is predicated on that accident, and it occurred prior to the time that appellee became the insurer. The fact that plaintiff's injury did not become compensable until September 1, 1935, has no relevancy or importance, with reference to the employer's liability, in so far as the issues presently under consideration are concerned. If plaintiff had been working for another employer on the date that his injury became compensable, certainly it cannot be correctly said that the new employer would be responsible for the injury. It, therefore, follows that, where only one accident is involved, the employer on the date of the accident is the one liable to the employee for the injuries arising therefrom, and that when the injury becomes manifest and compensable the employer's liability relates back to the date when the accident occurred.

■■ Passing to the liability of appellee herein as an insurer of the employer, it is our duty and function, in interpreting the appropriate provisions of the Employers'

Liability Act, to seek the intent of the Legislature. Houghton v. Hall, 177 La. 237, 148 So. 37; Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833. Did the Legislature intend that the insurer of an employer must pay all awards, decrees, and judgments rendered during the existence and effective period of its policy, regardless of the time that the accident causing the injury occurred? We think not. Such a construction of the act would be unreasonable and illogical, and would cause much confusion. If the Werner Company, Inc., should hereafter be indemnified and insured by another insurer, because of the termination of the policy in question, by expiration or by its being canceled, and if the new policy should be in force and effect on the date that final judgment is herein rendered against the employer, according to plaintiff's theory such new insurer would be bound by the judgment in this cause. Certainly, a situation of that kind was neither contemplated nor intended by the Legislature. In employing the language found in sections 23 and 24 of the act, which we have hereinabove quoted, the Legislature intended that the insurer must pay all awards, judgments, and decrees rendered against the employer for injuries growing or arising out of accidents that occur during the operative policy period, irrespective of when such were rendered.

In a well prepared written opinion, the trial court correctly stated:

"The termination of the policy period does not release the insurer from the results of accidents happening during the existence of the policy, but it does release the insurer from the results of accidents happening after that time. The beginning of a policy period does not impose any liability for accidents happening before that time, but does impose such liability for the results of accidents happening during the policy period irrespective of when the award is made."

Plaintiff's counsel argues that to hold the insurer liable for injuries arising out of accidents which occur only during the policy period, the courts would have to add words and excluding clauses to the applicable sections. Even if it is necessary to deviate from the fixed words of the statute, and this we do not concede, such deviation is authorized in order to give proper effect to the statute. Little v. Crow-Edwards Lumber Co., 9 La.App. 465, 121 So. 219.

The well-settled rule that the Employers' Liability Act should be given a liberal construction in favor of the employee is recognized and appreciated. But to construe the provisions in a manner other than that which we have done would be to contravene and destroy the legislative intent, and we would provide an unreasonable construction.

In the case of Pritchard v. Southern Insurance Co. et al., 176 La. 187, 145 So. 374, 375, cited by plaintiff, it was held that a surety on the defaulting foreign life insurer's bond, executed in substitution for a former surety's old bond, was liable for the amount due on a life insurance policy, notwithstanding the new bond was executed three years after the insured's death. The bond involved in that case was given pursuant to and as required by the provisions of Act No. 172 of 1908, such act stating that "such bond shall be annually renewed, and the old bond will become cancelled by the acceptance of the new bond," and that "no bond shall be canceled, or withdrawn unless a new bond has been substituted as above provided." In its opinion, the court said:

"And the provision that the old bond shall be canceled forthwith by the substitution of the new shows clearly enough that the latter was to stand in the place and stead of the former."

The instant case is distinguishable from the Pritchard Case in several particulars, principally in that under the Employers' Liability Act the employer is not required to carry insurance, and, furthermore, there is nothing in the act which indicates that an insurer must become either jointly or solidarily liable with former or subsequent insurers.

It is our opinion that the trial judge correctly sustained the exception of no cause of action filed by the American Mutual Liability Insurance Company.

For the foregoing reasons, the judgment is affirmed.