ELLIS, Judge
(dissenting).
I am of the opinion that the interpretation of the facts by the Lower Court and the majority opinion of this Court, which ■adopted the Lower Court’s finding of fact, ■is erroneous.
Under the most generous and liberal interpretation of the facts in this case, the plaintiff has only proven that the deceased had bought and contributed to the family support some " groceries and some clothes for the only other child, his minor sister. There is no proof as to when he bought the groceries or that they were regularly bought and contributed to the family support. The testimony is vague and indefinite. Some ■of the witnesses testified that when he would cash his check he would buy some groceries and his sister testified that he would give her some money to buy some clothes, however, none of the witnesses testified as to his employer on these occasions or who gave him the check, how much the check was for, but we can logically deduce that if he cashed the check and bought some groceries out of it he kept the rest.
There is no testimony to show that he gave all that he made to the family, in fact, there is no testimony to show what he made, other than the general testimony that his father hauled cotton for slightly more than two months out of each year and the boy started helping his father when he was about twelve years old. The testimony shows that from this truck hauling the father and plaintiff, Leonard Coulon, was paid approximately $2,000, and when asked what were his net earnings for this haul.ing after expenses were deducted, he testified: “You mean me and David? Well, I don’t know. It would run probably— well, I would say definitely about fifteen-sixteen hundred, somewhere. I didn’t keep up with all that.” It was shown that this amount of money was paid to the father.
While the testimony as to the gross and net earnings from the cotton hauling is indefinite and vague, should it be accepted that the deceased’s half amounted to eight or nine hundred dollars and was all contributed to the support of the family, I then agree with the contention of counsel for defendant as shown in his brief, viz.:
“It would seem that under [LSA-] Revised Statute Title 23, Section 1231, the proper construction would be the weekly compensation represented by X would be equal to the same proportion of the weekly payments for the benefit of persons wholly dependent which is $30.00 as the amqunt contributed by the employee to such partial dependents in the year prior to his death, which is $800.00 divided by 52 (or $15.38) bears to'the earnings to the deceased at; the time of the accident or $56.00 per week. Now applying the formula X is to $30.00 as $15.38 is to $56, 56X equals $861.85, X equal *122 $8.24. We submit that the trial judge erred in applying the formula as written under the circumstances even if his finding of fact was correct.”
I do not believe that the case relied upon by the Lower Court and this Court of Duos v. Granier & Harper, 185 So. 665, is applicable, for in that case the entire earnings of the deceased were given to his parents while in the present case the record not only does not substantiate such a finding but clearly proves that the deceased only bought some groceries and some clothes for his minor sister, and apparently kept the rest of his earnings, whatever they might have amounted to, which is not shown by the record.
I am therefore of the opinion that the judgment of the District Court should be reversed for the reason that, first, plaintiffs have failed to prove that the entire earnings of the deceased were contributed to the family support, and, second, the facts prove at best that only a portion of his earnings were contributed and the plaintiffs have failed to prove how much the deceased earned and how much this partial contribution amounted to, and in any event, under a most generous and liberal finding and interpretation of the facts in this case, the plaintiffs would only be entitled to weekly payments of $8.24.
I, therefore, respectfully dissent.