## INDIAN CREEK COAL AND MINING COMPANY *v.* KUTTER ET AL.

### [No. 10,865.   Filed June 7, 1921.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Measure of Compensation.—"Average Amount Contributed Weekly."—"Average Weekly Wage."*—Under §37 of the Workmen's Compensation Acts (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), as amended by the Acts 1919 p. 158, 164, providing for the payment to partial dependents of a deceased employe of a weekly compensation in the same proportion to that of persons wholly dependent as the average amount contributed weekly by the deceased bears to his average weekly wages at the time of the injury, an award to partial dependents based upon a deceased employe's "average weekly wage," as defined by §76 of the act as amended by Acts 1919 p. 158, without a determination by the Industrial Board of the amount actually contributed weekly by decedent to his partial dependents is contrary to law, though deceased contributed all his earnings, which were in excess of the maximum average weekly wage allowed by the act, to such dependents.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Louis Kutter and others against the Indian Creek Coal and Mining Company. From an award for applicants, the defendant appeals. *Reversed.*

*Charles E. Henderson,* for appellant.
*John A. Riddle,* for appellees.

ENLOE, C. J.—On August 16, 1919, one Charles Kutter, an employe of appellant, working in its mine near

Vincennes, received an injury which resulted in his death on the same day. At the time of his death he was seventeen years of age and resided with his father and mother, the appellees herein, in Vincennes. As shown by the record he had been in the continuous service of appellant for one year prior to his death, during which time he had earned and received as wages the sum of $797.74. The appellees herein are the father and mother of said Charles Kutter and are claiming to be entitled to compensation as partial dependents. The record before us discloses that the said deceased turned over to his mother all the wages so earned by him and that said money was used in the support of said family.

There was and is no dispute as to the essential facts of this case. The case was first heard by one member of said board and later, upon petition, a review was had before the full board, which made the finding that the average weekly wage of said deceased was in excess of $24; that the said Charles Kutter at the time of his injury and death was earning $36.51 per week and had been earning said weekly wages for several weeks prior to his injury and death; that at the time of his injury and death the said Charles Kutter was contributing to the support of his mother and father the whole of his earnings and his entire weekly wages and that said earnings were required for the support and maintenance of said family.

There was an award of compensation at the rate of $13.20 per week for 300 weeks. To this award the appellant excepted and now prosecutes this appeal.

Was this award contrary to law? The answer to this question depends upon the construction to be given to that part of §37 of the Workmen's Compensation Act (Acts 1919 p. 158), relating to compensation to be awarded to dependents, *partially dependent.*

That part of said section which is material to this

question now under consideration reads as follows,— (Acts 1919 p. 158, 164). "If the employe leaves dependents only partially dependent upon his earnings for support at the time of his injury, the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury."

The statute here gives us the rule for determining the amount of compensation to be awarded to such dependents. Stated in the form of a problem in proportion we have,—

Compensation    compensation    average amount    average
to be awarded    to be awarded    contributed to    weekly
partial          wholly           partial           wage
dependents       dependents       dependents

The Industrial Board found that the average weekly wage was in excess of $24, thus fixing the fourth term of the above proportion. The law fixes the amount of the award to the "wholly dependents" at fifty-five per cent. of this amount, thus giving us $13.20 as the second term in the above problem. But before the said problem can be solved it is necessary that another term in said proportion be known, the third, before we can determine the amount of compensation to be awarded.

As the board made an award of $13.20 per week, we know, as a simple matter of arithmetic, that they fixed the third term in said proportion at $24 and stated the proposition thus:

x   :   $13.20   : :   $24   :   $24

this they presumably did on the basis that as the average weekly wage as a basis for fixing the award was $24, and as the deceased contributed *all his wages* to appellees, he therefore contributed at least $24 per week to his dependents.

If the term "weekly wage" and "average amount contributed weekly" by the deceased are both to be measured and fixed by the same standard, then a correct result was reached.

In §76 of Acts 1919 p. 158, the term "average weekly wage" is defined. Its meaning is technical; the statute fixes it. But because the technical average weekly wage is in excess of $24 it does not necessarily follow, though all earnings may have been contributed to the dependents, that such contribution was actually in excess of $24 per week.

It is our opinion that the words "average amount contributed weekly," as used in the said §37, *supra*, were used in their ordinary, and not in the technical sense; that the "amount contributed weekly" as used therein means the amount *actual*, rather than technical.

With this construction placed upon said section, it became necessary for said board in this case to determine the average amount actually contributed by said decedent to his said dependents. This is the necessary third term of said proportion which must be known before the first term thereof can be rightly determined.

The record before us shows without contradiction that during the year previous to the time of his death, which was the period of his employment with appellant, the deceased had earned, in the employment of appellant, the sum of $797.74, all of which he contributed to the support of appellees, as partial dependents. This furnished to the Industrial Board the data from which said third term could have been duly ascertained; from which they could have determined the average amount actually contributed.

It therefore follows that the award of said Industrial Board is contrary to law.

The award of the Industrial Board is therefore re-

versed, and this cause is remanded to said board with directions to set aside the said award in this case, and for further proceedings.