TOPPS MANUFACTURING COMPANY ET AL. *v.* BIGGS

[No. 17,337.  Filed March 20, 1945.  Rehearing Denied April 25, 1945.  Transfer Denied June 14, 1945.]

*Henry L. Humrichouser,* of South Bend, and *James L. Murray,* of Indianapolis, for appellant.

*Archie J. Kahl,* of Danville, for appellee.

HAMILTON, J.—This is an appeal from an award made by a majority of the full Industrial Board of Indiana in favor of the appellee for the death of her unemancipated minor son, which death resulted from an accident arising out of and in the course of his employment by appellant.

The pertinent portions of the finding and award of the majority of the full Industrial Board read as follows:

"The full Industrial Board of Indiana, by a majority of its members, having heard the arguments of counsel and having reviewed all of the evidence in said cause and being duly advised in the premises therein, now finds: that on the 5th day of February, 1943, one Richard Biggs, age 18 years, was in the employ of the defendant, Elin Manufacturing Corp., at an average weekly wage of $22.80; that on said date said Richard Biggs sustained personal injuries by reason of an accident

arising out of and in the course of his employment with the defendant, Elin Manufacturing Corp.; that said accidental injury consisted of electric shock and burns and that as the result thereof, the said Richard Biggs died on the 27th day of February, 1943; that the said defendant, Elin Manufacturing Corp., had knowledge of the said accidental injury and death of the said Richard Biggs and did furnish the necessary medical attention and supplies.

"It is further found that at the time of the said accidental injury and death of the said Richard Biggs the said plaintiff, Pauline Biggs, his mother, was partially dependent upon the said Richard Biggs for her maintenance and support; that at the time of the said accidental injury and death the said Richard Biggs contributed the sum of $22.80 per week to the said plaintiff for her support and maintenance; that at the time of said accidental injury and death there were no other persons either wholly or partially dependent upon the said Richard Biggs, deceased.

"It is further found that the burial expenses in the sum of $150.00 required by statute for said deceased, Richard Biggs, has not been paid by the defendant; that prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim which effort resulted in a disagreement between the parties.

"Said full Industrial Board of Indiana, by a majority of its members, now finds for the plaintiff and against the defendant on plaintiff's application Form 10 for the adjustment of a claim for compensation filed on the 6th day of November, 1943.

"Award

"It is therefore considered, ordered and adjudged by the full Industrial Board of Indiana, by a majority of its members, that there be awarded plaintiff as against defendant, Elin Manufacturing Corp., compensation at the rate of $12.54 per week beginning on the 5th day of February, 1943, for a period not to exceed 300 weeks or until terminated

in accordance with the provisions of the Indiana Workmen's Compensation Law."

Appellant assigns as error in this court that the award of the majority of the full Industrial Board is contrary to law and is not sustained by sufficient evidence. This contention is based upon three propositions, namely: (1) That there is not sufficient evidence in the record to sustain the finding that the death of appellee's son proximately resulted from the injury sustained by him on February 5, 1943; (2) that there is not sufficient evidence in the record to sustain the finding and award that appellee was partially dependent upon her deceased son; and (3) that the award of the majority of the full Industrial Board is contrary to law in that the rate of compensation awarded to appellee is based upon the average weekly wage of appellee's deceased son which was stipulated by the parties rather than upon the actual amount of the deceased son's contributions to the appellee.

Considering only the evidence most favorable to appellee, as we are required to do upon appeal, we find that the record contains the following evidence tending to support the finding and award of the full Industrial Board: The parties stipulated that on the 5th day of February, 1943, Richard Biggs was in the employ of the defendant, Elin Manufacturing Corp., at an average weekly wage of $22.80; that on said date he received an injury from an accident which arose out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that compensation was paid in the total sum of $3.58; that Richard Biggs returned to work on February 15, 1943, and died on the 27th day of February, 1943.

In addition to the stipulation the appellee produced Dr. M. O. King as a witness, who testified in substance as follows: He treated Richard Biggs on February 5th for electrical burns. The burns were manifest on the left hand; that he treated him on the 5th, 6th, 8th, 10th, 12th, 15th, 17th, 19th, 22d, and 24th days of February. The patient developed abscesses over his body which the witness assumed was the infection arising from the burn. Richard Biggs quit work on February 25 and went home and remained in bed until February 27, at which time he died at 11 o'clock p. m. The witness was called to see Richard Biggs at 10 o'clock on the night of February 27, at which time the patient was sitting up in bed and wanted the witness to do something for the abscesses that were coming out all over his body. They were down his legs, chest, and arms. Witness left, went home, and at 11 p. m. was called back and found Richard Biggs in a dying condition and that he died within a few minutes. The witness was then asked the following question: "Tell the Board whether or not his death was the result and grew out of the burn that he received which you first treated him for?" To which question the witnesss responded as follows: "Well of course, that was the conclusion that I naturally reached, that it was a result of this burn, primarily." The witness further said that an autopsy was performed at which he was not present but, after the autopsy, the doctor who performed the same advised the witness as to his findings. The findings showed that Richard Biggs died from hypostasis, which is just a cessation of function of the lung and then water fills the lung and drowns the patient, so to speak. The witness testified that "it would be a fair assumption that the electric burn was the starting point." And that "in my opinion the man

died as the result of complications growing out of this burn."

Upon cross-examination Dr. King further testified as follows: The shock of electricity was the primary or initial cause of death. He had evidently developed an infection from this which would carry to all parts of his body. Found infection in his hand. In answer to the question, "How do you then connect the electric burn on his hand to his death if you don't know what he died of?", the witness responded, "All these other conditions were complications following this." And upon re-direct examination, Dr. King further stated, "It is possible that the electricity going through his body might have had a direct effect upon his heart," and "the death report showed cause of death septemia following accident. If it showed myocarditis that would mean an inflammation of the heart. An inflammation of the heart could have and probably was infection existing caused from this burn."

It is our opinion that the above evidence is ample to sustain the finding of the majority of the full Industrial Board to the effect "that on said date said Richard Biggs sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, Elin Manufacturing Corp.; that said accidental injury consisted of electric shock and burns and that as the result thereof, the said Richard Biggs died on the 27th day of February, 1943."

Upon the question of dependency of appellee upon her deceased son to the full extent of his earnings, the record discloses the following evidence. Appellee is and was the mother of Richard Biggs, deceased, who was 18 years old in June, 1942; that Richard Biggs lived

at home with his father and mother, the appellee and Abner Biggs. The family consisted of eight children in addition to the father and mother. Four of the children were younger than Richard, being 17, 7, 9, and 5 years old, respectively, and three children older than Richard. The husband and father was a common laborer. One of the daughters, 18 years of age, resides with her uncle, appellee's brother, so she can attend school, as appellee and her husband cannot afford to send her to school. Richard Biggs quit high school in his freshman year in order to work and help make a living and support the family. Richard continued to live at home after he went to work and worked at odd jobs whenever he could find anything to do. He usually brought all of his money home to his mother and when he did not bring all of it home he used part of it to purchase articles which his mother directed him to buy for the family to live on and then gave her the balance of his wages. When he was working for a canning factory, he bought four cases of corn and peas at his mother's request and paid for the same out of his wages. His mother allowed him some spending money. The money he brought home and gave to his mother was put along with the common family budget fund and earnings of all the other members of the family and was used to support and maintain the family. His mother had the control of all Richard's wages, and since his death and his wages have been cut off, appellee has been deprived of several things that previously she was able to have. She has been sick with anaemia, and since Richard's death has been unable to see a doctor, because she couldn't afford it. She hasn't been able to buy the kind of food that she needs as a diet, namely: greens, milk, and liver.

This evidence is sufficient to sustain the finding of

the full Industrial Board "that at the time of the said accidental injury and death of the said Richard ■ Biggs the said plaintiff, Pauline Biggs, his mother, was partially dependent upon the said Richard Biggs for her maintenance and support." *E. I. du Pont & Co.* v. *Dobrinich* (1943), 113 Ind. App. 544, 49 N. E. (2d) 395; *Parke County, etc.* v. *Goodin* (1942), 112 Ind. App. 216, 44 N. E. (2d) 198; *Hoosier Veneer Co.* v. *Stewart* (1921), 76 Ind. App. 1, 129 N. E. 246; *Ritchie* v. *Indiana State Highway Commission* (1935), 101 Ind. App. 32, 198 N. E. 125; *Dumes* v. *Deckard* (1938), 105 Ind. App. 674, 17 N. E. (2d) 481; *Craddock Furniture Corp.* v. *Nation* (1944), 115 Ind. App. 62, 54 N. E. (2d) 295.

Appellant's last contention is to the effect that the award of the full Industrial Board is contrary to law in that the rate of compensation awarded to ap- ■ pellee is based upon the average weekly wage of her deceased son, Richard Biggs, instead of his actual weekly contribution, which latter amount, appellant insists, is not established by any evidence contained in the record. Appellant relies upon the language contained in the opinion of this court in the case of *Indian Creek, etc., Co.* v. *Kutter* (1921), 76 Ind. App. 52, 131 N. E. 413, which construed Section 37 of the Workmen's Compensation Act of 1919, to sustain its contention. The present statute, § 40-1402, Burns' 1940 Replacement, § 16413 Baldwin's 1934, was enacted in 1929. In 1935 in the case of *Ritchie* v. *Indiana State Highway Commission,* 101 Ind. App. 32, this court passed upon the identical question which appellant presents in this appeal. On pages 37 and 38 of 101 Ind. App. this court says: "We must next consider and decide whether it was necessary, before an award of compensation could be made, to establish by competent

evidence the reasonable value of the services performed by the deceased in order that some basis be laid from which the amount contributed by him could be determined, and we are of the opinion that such proof is not required under a state of facts such as is disclosed by the record here. . . . Where there is partial dependency, and all the earnings of a deceased employee have been contributed to a common fund used for maintenance, the amount of compensation which should be awarded is the same as if the dependent claimant had been wholly dependent, *and would be 55 per cent of the average weekly wage being earned at the time of the injury,* unless the amount to be awarded is necessarily affected by the maximum or minimum provisions for compensation as fixed by section 40 of our Compensation Act." (Our italics.)

The construction placed upon Section 37 of the present Workmen's Compensation Act in the Ritchie case, *supra,* was expressly reaffirmed by this court in 1938 in the case of *Dumes* v. *Deckard,* 105 Ind. App. 674, 17 N. E. (2d) 481, and again in 1944, in the case of *Craddock Furniture Corp.* v. *Nation,* 115 Ind. App. 62, 54 N. E. (2d) 295, 55 N. E. (2d) 121. Five sessions of the Legislature have passed since the Ritchie case was decided without Section 37 of the Workmen's Compensation Act having been amended or changed, which may be construed as an approval by the Legislature of the construction placed upon Section 37 of this court in the Ritchie, Dumes, and Craddock cases, *supra.* *Hindman* v. *State* (1943), 221 Ind. 611, 50 N. E. (2d) 913; *County Dept., etc.* v. *Scott's Estate* (1944), 115 Ind. App. 28, 55 N. E. (2d) 337; *Marvin* v. *Bike Webb Mfg. Co.* (1944), 114 Ind. App. 320, 52 N. E. (2d) 360.

Insofar as the views expressed in this opinion are

in conflict with those expressed in *Indian Creek, etc., Co.* v. *Kutter* (1921), 76 Ind. App. 52, 131 N. E. 413, that case is disapproved and overruled.

The stipulation of the parties sustains the finding of the Board that the average weekly wage of Richard Biggs was $22.80, wherefore, the award of the full Industrial Board is not contrary to law, and, therefore, is affirmed with the statutory penalty.

Judgment affirmed.

NOTE.—Reported in 59 N. E. (2d) 904.